In the Matter of OLYMPIA RESTAURANT CORP., Petitioner, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Respondents.

Supreme Court, Special Term, New York County, April 2, 1951.

*Max Krongold* for petitioner.

*Alvin McKinley Sylvester* for respondents.

HOFSTADTER, J. This is an application under article 78 of the Civil Practice Act to direct the respondents, constituting the State Liquor Authority, to issue to the petitioner's restaurant a liquor license. After approval of the petitioner's application by the New York City alcoholic beverage control board the State Liquor Authority disapproved the application. The notice of disapproval rests only on the history of past violations of the Alcoholic Beverage Control Law at the premises 141 West 47th Street, the last of which occurred five years ago, when the premises were in different possession. The authority expressed the opinion that the issuance of a new license " would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law ". Though I must be loath to overrule such an administrative ruling, the record requires me to do so — the apprehension of the Authority is ill-founded. For, though the past history shows a number of violations and resultant revocations between 1938 and 1946, the premises have a clear police record since 1946 and it is not questioned that the petitioner is conducting a bona fide restaurant. Nor is there any suggestion that any of the petitioner's executives were in any way associated with the past violations or their perpetrators. If no license is to be granted now — after five years of blameless conduct — when can it be? Are the premises, then, forever invested with proscription and under permanent ban? I think not; unless, indeed, all similar establishments in that part of our city are to be so regarded. As it is not shown that the premises are themselves innately objectionable or that the establishment, inherently, cannot be run as a law-abiding restaurant, even though liquor is dispensed there, the case falls within the matter of *Matter of Rossi* v. *O'Connell* (197 Misc. 718, affd. 277 App. Div. 857, motion for leave to appeal denied, 277 App. Div. 873).

Application granted. Settle order.