William C. Hecht, Jr., J.
Petitioners seek to review a determination of the State Liquor Authority disapproving an application for a corporate change. No answer has been filed but respondent cross-moved to dismiss the petition on the grounds that (1) the actions of the Authority which are the basis of this proceeding are not subject to review, and (2) the petition does not state facts sufficient to entitle petitioners to any relief.
The facts may be briefly summarized as follows: Barney Goldstein from 1942 until he died in May, 1955, was the sole officer, director and stockholder of a corporation which held a license for a liquor package store. Following his death, Augusta Lederman and Dorothy Delin, hereinafter referred to as “ Trustees ”, were appointed executrices and trustees of his estate. The stock of the package store corporation constituted the primary asset of the estate, and by operation *150 of law the shares of the capital stock became vested in the “ Trustees ”.
An application was made to respondent for approval of the transfer of the stock to the “ Trustees ” and to their election as officers and directors of the corporation. The Authority granted the request. The “ Trustees ” thereafter asked the landlord to extend the lease for the liquor store beyond its expiration date, June 30, 1956.
The landlord refused to extend the lease or to execute a new lease, on the ground that he was in the process of selling the building. The “ Trustees ” had endeavored to obtain an extension in order to make it possible for them to sell the business which was being operated at a loss and they were fearful of being surcharged as fiduciaries of G-oldstein’s estate. Moreover, it is legally impossible for the “ Trustees ” to sell the store since a transfer or sale of a liquor store may be had only if the buyer has a lease for a term equal, at the least, to the duration of the license period.
Pursuant to existing procedure, the “ Trustees ” on April 24, 1956 delivered the license to the New York City Alcoholic Beverage Control Board for safekeeping. On June 1, 1956 the “ Trustees ” entered into a contract with petitioner Simons for the sale to him of all the issued stock of the licensee corporation together with the merchandise inventory for $5,500.
On June 19, 1956 Simons applied for approval of a corporate change and that the Authority recognize him as sole officer, director and stockholder of the corporate licensee. On October 26, 1956 the Authority disapproved the application on the ground that contrary to its policy, the sale was to be effective only on the granting of a waiver of rule 39 of the Buies of the State Liquor Authority (N. Y. Off. Comp, of Codes, Rules & Reg., 10th Supp., p. 186; restricting the filing of applications for removal of package liquor stores to the month of April) and a subsequent approval of removal of the liquor store to a new location. Petitioners then advised the Authority that the contract would be revised to delete therefrom the provisions which made the sale conditioned upon the granting by the Authority of a waiver of rule 39 and approval to remove the licensed store to another location.
On January 17, 1957 the Authority again refused approval on the further ground that “ it was contrary to Board Policy to approve a transfer on a corporate change of stock where the licensee is not entitled to conduct business at a particular location.”
*151 Section 121 of the Alcoholic Beverage Control Law provides that only the actions of the Authority specified therein shall be subject to review by the Supreme Court. Petitioners concede that refusal to approve a corporate change is not one of those actions listed in section 121 which is reviewable, but that this court may look behind the formal words and determine for itself whether the facts involved here do not in reality constitute ‘‘ refusal to issue a license ’ ’ and therefore within subdivision 1 of section 121 and thus subject to review.
An analysis of the record discloses that the following situation exists: The corporate petitioner has a license which it deposited with the Authority for safekeeping. It cannot transact business because it does not have a place from which to operate. Its lease expired on June 30, 1956. The petitioner Simons desires to purchase the stock of the corporate petitioner and its merchandise inventory. All that Simons will acquire for his $5,500 will be the stock of the corporation, for he will be unable to achieve a license by transfer of an existing liquor store in view of the fact that the corporation does not have a licensed premises.
The basis of respondent’s position, stripped of all extraneous matter, may be summarized in the contention that the arrangement between the “ Trustees ” and Simons was a device to circumvent proscriptions of the Alcoholic Beverage Control Law and the policy of the Authority, through the medium of the proposed total stock transfer, complete change of the board of directors and an entirely new slate of officers.
Respondent argues, correctly in my opinion, that the only reason for the contemplated purchase of the stock by Simons is the hope that through the corporation he will petition for a removal to new premises, “ otherwise he has purchased nothing but paper.”
It would be most unrealistic to assume that petitioner Simons would purchase the stock in question if he did not intend to apply, through the corporation, for a removal. Thus it does not avail petitioners to argue that they are only concerned at present with approval of the corporate change.
With respect to the policy consideration, it has been repeatedly held that the court will not substitute its judgment for that of the Authority. While it is true that the court should not sit supinely by to permit an abuse of discretion resulting in clear injustice, I see no such danger here. It is fair to conclude that the Authority, under the broad powers and discretion vested in it by the Legislature, may adopt rules *152 and procedures to prohibit the trafficking in liquor licenses to enforce its moratorium.
Petitioners have made no showing that they were singled out for unfavorable action with respect to their requests in face of the granting of the privilege to others in the same position as they now find themselves. If petitioner could show that the Authority has, despite its declared policy, acted favorably on requests for corporate changes under conditions precisely of substantially the same as those which exist here, a different result might ensue.
However, under all the circumstances, no proof has been adduced by petitioners which would justify a conclusion that respondent acted arbitrarily, capriciously or unreasonably. Moreover, there has been no showing that respondent has failed to perform any duty or obligation imposed by law.
Consequently, the application is denied and the cross motion to dismiss the petition is granted.