D. Ormonde Ritchie, J.
TMs is a proceeding instituted pursuant to article 78 of the Civil Practice Act in which corporate petitioner seeks a review of the determination by *976 respondent denying petitioner’s application for a restaurant liquor license and for an order directing the issuance of the license.
The sole stockholder, officer and director of petitioner corporation, one Schreiner, was the individual owner, operator and restaurant liquor licensee of the premises for which the present license is sought for a period of seven years, commencing March 1, 1950 and ending on February 28, 1957. During that time no violation of law or rule was charged against Schreiner. Schreiner sold the business, with the approval of the respondent, to one Wagner, to whom a license was issued on March 1, 1957. Wagner in his operation of the business was charged with a multitude of violations.
A part of the consideration for the sale were promissory notes in the amount of $10,000 executed and delivered by Wagner to Schreiner. There is presently in excess of the sum of $9,000 owing to Schreiner from Wagner, representing an unpaid balance upon the promissory notes.
Undisputedly, Wagner operated the business in a manner that could only result in a revocation of the license issued to him. A suspension was ordered and thereafter Wagner was advised to appear for an interview to be held in connection -with the renewal of his license for the 1958-1959 license period. The interview was not attended by Wagner nor anyone representing him. His license was not renewed. In the meantime, Schreiner, the former licensee and owner of the business and creditor of Wagner of approximately $9,000, instituted proceedings that resulted in his reacquisition of the fixtures and equipment appertaining to the business. Upon acquisition of the fixtures and equipment, Schreiner formed the corporation which was the applicant for the license, issuance of which was denied by respondent.
As a condition precedent to making application, petitioner obtained a waiver of the moratorium provisions of rule 45 of the Buies of the Liquor Authority. The rule permits application to be made by a former licensee where a timely showing of unusual circumstances evidencing extraordinary hardship will result from strict application of the moratorium. The applicant must also show that the business sought to be licensed will be a genuine restaurant operation.
In denying petitioner’s application the following reasons were assigned therefor: ‘£ After due consideration of the facts involved on this application, the Authority determines that this application should be disapproved for the following reasons: *977 Herbert Schreiner, president of the applicant corporation was formerly licensed at these premises from March 1, 1950 to February 28, 1957. Serial No. Nassau EL 3946. On March 1, 1957, a license was issued to David Wagner, Serial No. Nassau EL 5691. While the premises were licensed to David Wagner the licensee was arrested on September 12, 1957, on a charge of criminal abortion; on March 22 and 23, 1957, there was a fight in the premises and two patrons were arrested, one with a loaded gun and the other with a blackjack. On August 30, 1957, a revocation hearing was commenced on charges arising out of the above altercation on March 22 and 23, 1957, and on charges of sales to a minor on the same dates and similar charges on March 1, 1957, the first day of operation under the newly issued license to David Wagner. The revocation proceedings culminated in a suspension of the license from November 12, 1957 to December 12, 1957. Thereafter an interview was scheduled in connection with the renewal of the license for the 1958-1959 license period. Neither David Wagner, nor anyone on his behalf, appeared on the dates scheduled for the interview. As a result the license expired on February 28, 1958, and was not renewed. On September 4,1958, the instant applicant, of which Herbert Schreiner is the sole officer, director and stockholder, applied for a license. The Authority was apprised by the attorneys for the applicant that Herbert Schreiner resides in Florida where he operates a liquor licensed premises. In view of the recent adverse history of the premises when licensed, and also of the fact that the premises are not now open and operating, and the sole officer, director and stockholder of the applicant corporation resides in Florida, and has been in business in Florida, and has not come to New York to reopen the premises as a restaurant, and is apparently unwilling or unable to give the time and attention that this place would require if it were operated properly, it is determined that it would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law to approve this application, and public convenience and advantage would not be served thereby.”
It is seen that in the main, denial of petitioner’s application was predicated upon the misconduct of Wagner in his operation of the business. It is not charged that petitioner or Schreiner, the sole stockholder, officer or director of petitioner, was a party to or in any sense acquiesced to the manner in which Wagner conducted the business. To the contrary, it appears that Schreiner, the predecessor in interest of Wagner, successfully *978 operated the business for a period of seven years without violation or disorder. His license was renewed yearly and from this it must be inferred that Schreiner conducted the business in accordance with the rules and regulations governing the conduct of such business and that it was operated as a bona fide restaurant during his tenure. It is also to be inferred that from Schreiner’s previous operation of the businéss it is to be operated as a bona fide restaurant.
In addition to assigning Wagner’s misconduct as a reason for denying Schreiner’s application, respondent points out that Schreiner has not disposed of his business interests in Florida and that the premises for which his corporation seeks a license is not presently being operated as a bona fide restaurant. It appears to the court that to impose upon Schreiner the condition of disposing of his Florida business prerequisite to a favorable entertainment of his application, with the ever present probability of denial, is a harsh condition. If he were to dispose of his Florida business and meet with a denial of his New York application, his position would be, to say the least, unenviable.
It appears to the court Schreiner, possessor of the sole interest in petitioner corporation, has made a clear showing that circumstances exist evidencing extraordinary hardship. Severe financial loss and liabilities have resulted from misconduct not chargeable to Schreiner or petitioner. Further, the fact that the premises for which the license is sought has been operated for a considerable number of years in its present location indicates that it was not considered supernumerary within the limits fixed by the rules and regulations of respondent. Lastly, it is to be reasonably inferred from Schreiner’s past operation of the business that its future operation will be as a bona fide restaurant.
Issuance of a restaurant liquor license and retention thereof by the licensee is fully under control of the State Liquor Authority. If a licensee violates the statutes or rules governing retention of a license a suspension or revocation thereof may be ordered. But to determine in advance that an applicant with a history of previous successful and orderly operation of a restaurant and bar business will violate the rules and regulations governing such operation is an unreasonable and unwarranted ground for denying an application.
The prayer for relief in the petition is granted and the determination of the State Liquor Authority is annulled. The State Liquor Authority will be directed to issue the license to the petitioner as requested.
*979 Determination annulled, without costs, and the application is remitted to the State Liquor Authority to proceed in accordance with the order to be entered on this memorandum.
Submit order.