◼ In the Matter of MATTY'S REST. INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Law and Rules, to review and annul a determination of the respondent State Liquor Authority, made December 23, 1963 after a hearing, which disapproved petitioner's application for a restaurant liquor license. By order of the Supreme Court, Rockland County, made February 24, 1964 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination annulled on the law, with $50 costs and disbursements to petitioner; and respondent State Liquor Authority directed to issue forthwith such license to petitioner. While the discretionary power to determine whether a person may be licensed to traffic in alcoholic beverages has been conferred by statute upon the State Liquor Authority, nevertheless, the courts maintain their judicial responsibility to review and pass upon administrative action claimed to be arbitrary and without foundation in fact or in law (*Matter of 54 Cafe & Rest.* v. *O'Connell,* 274 App. Div. 428, affd. 298 N. Y. 883). Upon the entire record here presented, we conclude as a matter of law that the reasons stated by the Liquor Authority in support of its disapproval of petitioner's application for a restaurant liquor license, whether considered singly or in relation to each other, do not afford a rational basis for the action taken (cf. *Matter of 238*

*Rest.* v. *New York State Liq. Auth.,* 19 Misc 2d 975; *Matter of Olympia Rest. Corp.* v. *O'Connell,* 199 Misc. 397, affd. 278 App. Div. 925, affd. 303 N. Y. 780; *Matter of Rossi* v. *O'Connell,* 197 Misc. 718, affd. 277 App. Div. 857). The record is devoid of any factual support for the conclusion that the licensing of the premises would " create a high degree of risk in the enforcement and administration of the Alcoholic Beverage Control Law ". In our opinion, the Authority's determination was based upon conclusory reasons unsupported by factual considerations of reasonable persuasiveness and should therefore, be set aside (cf. *Matter of Swalbach* v. *State Liq. Auth.,* 7 N Y 2d 518). Kleinfeld, Brennan, Hill and Rabin, JJ., concur; Ughetta, Acting P. J., dissents and votes to confirm the Authority's determination, with the following memorandum: The State Liquor Authority exercises the police power of the State in the regulation of liquor traffic and is empowered " to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises licensed thereby ". (Alcoholic Beverage Control Law, § 2; *Matter of Drew* v. *State Liq. Auth.,* 2 A D 2d 75, 79). The power of judicial review does not permit us to substitute our judgment for that of the administrative body to which the Legislature has entrusted the responsibility (*Matter of New Lots Liq. Store* v. *State Liq. Auth.,* 6 Misc 2d 149, 151). In my view, there is more than sufficient basis in the record for the action taken here. A prior license at the subject premises was revoked by the Authority for disorders arising out of a brutal assault committed therein and for lewd and lascivious dancing by females with each other and with males. This is not simply a case where the applicant is being penalized for the acts of the prior licensee. There is a problem that obtains no matter who operates the premises sought to be licensed. The premises are within two miles of the New Jersey State line and are easily accessible to residents of New Jersey where alcoholic beverages may not legally be purchased by persons under the age of 21 years. We should take judicial notice of the recent request by concerned citizens of our sister State that the legal age for drinking in New York be raised to 21 in order to eliminate the serious problem presented by youngsters driving from New Jersey to New York and returning to New Jersey in an intoxicated condition. In some areas the situation has become so grave that New Jersey police officers have been forced to stop automobiles driven by youngsters returning to New Jersey in an attempt to minimize death and injury. Approximately two hundred residents in the area of the subject premises signed a petition protesting the approval of this application on the ground that, if it were approved, the peace, comfort and safety of the community would be adversely affected. Under all the circumstances, it is clear that the determinaation of the Liquor Authority has a rational basis and should not be disturbed.