■   In the Matter of SANTINI RESTAURANTS, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the New York State Liquor Authority disapproving petitioner's application for a restaurant liquor license unanimously annulled, on the law, with $50 costs and disbursements to petitioner, the petition granted and the Authority directed to grant petitioner's application. On the basis of the record, neither the "adverse license history" of the subject premises nor the "sensitive area" in which it is located justified the denial of the application. (See *Matter of Sled Hill Cafe* v. *Hostetter*, 22 N Y 2d 607, 613; *Matter of Clara & Bernard Rest.* v. *New York State Liq. Auth.*, 22 A D 2d 871, 872; *Matter of Waverly Rest. Corp.* v. *State Liq. Auth.*, 24 A D 2d 985, 986.) Furthermore, the Authority had no right to ground its determination on the supposition that the principals of the licensee would fail to exercise the proper "degree of personal supervision" over the licensed premises and that they would not "have a highly competent, experienced and vigilant staff to insure the lawful, orderly and proper conduct of such premises". The Authority may not justify the denial of a proper liquor license application submitted by responsible persons, on the basis of a mere speculation that the premises would be operated in violation of law. (*Matter of Sled Hill Cafe* v. *Hostetter, supra*; *Matter of 238 Rest.* v. *New York State Liq. Auth.*, 19 Misc 2d 975, 978.) Under the circumstances, we conclude that "the Authority's conclusions are based on speculative inferences unsupported by the record" and, therefore, "its determination should be annulled" on the ground that it is "without foundation in reason or evidence". (See *Matter of Sled Hill Cafe* v. *Hostetter, supra*, pp. 612–613.) Concur — Stevens, P. J., Eager, McGivern and Nunez, JJ.

■   MARIE M. REILLY, Individually and as Executrix of THOMAS A. REILLY, Deceased, et al., Appellants, v. ANNA LOVENTHAL et al., Defendants, and CITY OF NEW YORK, Respondent.— Order, entered on June 26, 1968, unanimously modified, on the law, without costs, to the extent of deleting that part thereof which struck Item 1 from the plaintiffs' notice of discovery and inspection and otherwise affirmed. Unlike Items 2 and 5 of the challenged notice, Item 1 does not seek records which are confidential by virtue of sections 1113 and 1114 of the New York City Charter. Concur — Stevens, P. J., Capozzoli, McGivern, McNally and Steuer, JJ.