■ PATRICK MCCLOSKEY INC., Respondent, v. STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review and annul appellant's determination dated April 22, 1968 disapproving petitioner's application for a special on-premises liquor license, the appeal is from a judgment of the Supreme Court, Queens County, dated August 13, 1968, which annulled and set aside the determination and directed issuance of such license. Judgment affirmed, with $50 costs and disbursements. Petitioner's application was disapproved on the grounds that the premises had a record of arrests for gambling, that petitioner's principal lacked the necessary experience to operate the premises in a lawful manner, and that his arrest record was "such that the approval of this application would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law." It appears that he had been arrested about seven years earlier; that the charge was dismissed; and that he had an otherwise unblemished record. It also appears that he had been continuously employed, since graduation from high school, by a division of a large corporation, rising to the position of foreman. Upon the record presented, it is our opinion that the reasons stated by appellant in support of its disapproval of petitioner's application, whether considered singly or in relation to each other, lack factual support and do not

afford a rational basis for its action (cf. *Matter of Sled Hill Cafe* v. *Hostetter,* 22 N Y 2d 607; *Matter of 125 Bar Corp.* v. *State Liq. Auth.,* 24 N Y 2d 174; *Matter of Matty's Rest.* v. *New York State Liq. Auth.,* 21 A D 2d 818, affd. 15 N Y 2d 659; *Matter of 135 Rest. Corp.* v. *State Liq. Auth.,* 25 A D 2d 651). The determination, therefore, was properly set aside. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.