■ In the Matter of 2268 TAVERN CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent New York State Liquor Authority which disapproved petitioner's application for a special on premises liquor license dated March 1, 1973, after a hearing, unanimously annulled on the law, without costs and without disbursements, and respondent Authority directed to issue forthwith such license to petitioner. The record is devoid of any factual support for the Authority's conclusion that "it appears that one Vincent Sallazo has an interest" in the previously licensed premises and that, therefore, the Authority "is not satisfied that the sole principal of record is the sole, true party in interest." We conclude as a matter of law, that the reasons stated by the Liquor Authority in support of its disapproval of petitioner's application do not afford a rational basis for the action taken. (Cf. *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818; *Matter of 238 Rest.* v. *New York State Liq. Auth.*, 19 Misc 2d 975; *Matter of Olympia Rest. Corp.* v. *O'Connell*, 199 Misc. 397, affd. 278 App. Div. 925, affd. 303 N. Y. 780.) In our opinion, the Authority's determination was based upon

conclusory reasons unsupported by factual considerations of reasonable persuasiveness and should be set aside. (Cf. *Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518.) Concur — Markewich, J. P., Nunez, Lane and Tilzer, JJ.