■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE FREEMAN, Appellant.—Judgment, Supreme Court, New York County, rendered February 14, 1973, unanimously modified, on the law, to the extent of granting defendant-appellant's motion to suppress the physical exhibit and dismissing the charge of possession of a weapon, and otherwise affirmed. The District Attorney candidly concedes error in denial of the motion to suppress the weapon, the search of defendant's person having been improper in the circumstances. However, as to the charge of bail-jumping to which he pleaded guilty, defendant's past criminal record provided a solid basis for the sentence imposed. Concur—Markewich, J. P., Kupferman, Murphy, Nunez and Yesawich, JJ.

■ In the Matter of 8 CHRISTOPHER STREET CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the New York State Liquor Authority, disapproving petitioner's application for a special on premises liquor license, unanimously annulled, on the law, without costs and without disbursements, the petition granted and the authority directed to grant petitioner's application. It is undisputed that approval of the application does not violate subdivision 7 of section 64 of the Alcoholic Beverage Control Law. *(Matter of Waverly Rest. Corp. v State Liq. Auth.,* 24 AD2d 985.)* Nor does the subject premises have an adverse license history. Moreover, it is claimed, and not disputed in the record, that the sole shareholder of petitioner intends to spend a minimum of 40 hours a week at the premises, which supervision will be shared by a hired manager, who has experience in the liquor field. The fact that the premises is located in a sensitive area of the city does not justify denial of the application. We conclude that respondent's determination was based on speculative inferences unsupported by the record, and, therefore, it should be annulled. *(Matter of Santini Rests. v State Liq. Auth.,* 32 AD2d 514.)* Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.

■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, v JOHN P. McGRATH et al., Defendants; ZWICKER ELECTRICAL CO., INC., Appellant, and GEORGE A. FULLER CO., INC., Respondent. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v JOHN P. McGRATH et al., Defendants, and ZWICKER ELECTRICAL CO., INC., Respondent.—Orders, Supreme Court, New York County, entered May 6, 1975 and May 13, 1975, *inter alia,* striking the action from the calendar and denying, in part, defendant Zwicker Electrical Co., Inc.'s, request for discovery and inspection, unanimously affirmed, without costs and without disbursements. We agree with Special Term that the instant declaratory judgment action is not ready for trial and that the requested disclosure of the disputed items was properly denied as overbroad and requiring plaintiff to reveal information obtained in connection with its defense of defendant George A. Fuller Co., Inc., in violation of its duty to said insured. Concur—Murphy, J. P., Lupiano, Capozzoli and Lane, JJ.