■ In the Matter of SAIL AND RAIL CORP., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated May 29, 1975, which disapproved petitioner's application for a transfer of a special on-premises liquor license, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered November 10, 1975, which denied the petition on the merits and dismissed the proceeding. Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing and a new determination in accordance herewith. Respondent's denial of petitioner's application was essentially based upon the following: (1) the alleged adverse history of Robert W. Matherson, one of petitioner's principals, in the operation of his other licensed establishments; (2) the inability of the principals of petitioner to give their undivided, full-time attention to the supervision of the proposed premises; (3) Matherson's establishments attract a youthful clientele which becomes "excessive and unruly"; and (4) Matherson has not demonstrated a willingness or ability to operate licensed establishments in strict compliance with the law and with the rules of respondent. In its decision, Special Term stated, *inter alia:* "For example, within a one-year period, one of these taverns had been given fourteen summonses for overcrowding, and, on another occasion, received a summons for excessive noise." Petitioner asserts that the Justice at Special Term who heard and determined this article 78 proceeding was the District Attorney whose office prosecuted those summonses prior to his elevation to the bench. Petitioner's brief also asserts that the convictions which resulted from the 14 summonses for overcrowding and the one summons for excessive noise were reversed on appeal and that, on remand, the cases were dismissed in the lower court. It is unclear whether, and to what extent, the facts set forth by respondent as the basis for its denial of petitioner's application are

facts reported in the record made by the local Alcoholic Beverage Control Board, as set forth in the record on this appeal, whether petitioner was fairly confronted with the facts upon which the adverse findings were made by respondent and whether those adverse findings were based upon facts, the surrounding circumstances of which were not fully or fairly stated by respondent. In short, there should be a new determination at Special Term as to whether respondent's denial of petitioner's application was arbitrary and capricious and based upon speculation or whether it was based upon facts fairly contained in the record (see *Matter of Santini Rests. v State Liq. Auth.,* 32 AD2d 514; *Matter of Sled Hill Cafe v Hostetter,* 22 NY2d 607). Margett, Damiani, Shapiro and Hawkins, JJ., concur; Cohalan, Acting P. J., dissents and votes to affirm the judgment.