■ In the Matter of SAIL AND RAIL CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated May 29, 1975, which disapproved petitioner's application for a transfer of a special on-premises liquor license, the authority appeals from a judgment of the Supreme Court, Suffolk County, entered June 7, 1976, which, after a hearing, granted the petition, annulled the determination and directed it to approve the license application. Judgment affirmed, without costs or disbursements. Appellant disapproved petitioner's license application on the basis of the following: (1) the alleged adverse history of Robert W. Matherson, petitioner's majority shareholder, in the operation of other licensed establishments; (2) the inability of petitioner's principals to give full-time attention to the supervision of the proposed premises; (3) Matherson's establishments attracted a youthful clientele which at times became "excessive and unruly"; and (4) Matherson had not demonstrated a willingness or ability to operate licensed establishments in strict compliance with the law and the rules of the State Liquor Authority. Special Term initially denied petitioner's CPLR article 78 petition and dismissed the proceeding. We reversed and remitted the proceeding to Special Term for a hearing and a new determination as to whether appellant's disapproval of petitioner's application was arbitrary and capricious and based upon speculation, or whether it was based upon facts fairly contained in the record *(Matter of Sail & Rail Corp. v New York State Liq. Auth.,* 51 AD2d 1019). After the hearing, Special Term granted the petition and directed appellant to grant the license application. We are now called upon to determine the correctness of that decision. We agree with Special Term. The evidence presented at the hearing showed the following: (1) Matherson's adverse history consisted of one conviction in an authority disciplinary proceeding for using abusive language to police officers who he felt were not performing their duty with regard to a theft which had occurred on one of his premises. All convictions resulting from police summonses issued to Matherson's premises

were reversed on appeal and were eventually dismissed. All neighborhood complaints concerning Matherson's premises were satisfied by alterations in the premises. (2) The authority's finding that the subject premises would not be properly supervised was based upon mere supposition that the principals of the proposed licensee would fail to exercise the proper degree of personal supervision (see *Matter of Santini Rests. v State Liq. Auth.*, 32 AD2d 514). (3) The authority's finding that Matherson's other premises attracted a youthful clientele which became excessive and unruly is unsupported by any incidents in Matherson's history and, in any event, is purely speculative as to the premises in question (see *Matter of Sled Hill Cafe v Hostetter*, 22 NY2d 607). (4) Matherson's alleged unwillingness to co-operate with appellant and to comply with the law is unfounded. On this record, we can only consider the determination disapproving this application as being wholly unsupported by any reasonable foundation and, therefore, arbitrary and capricious, and it was properly annulled by Special Term (cf. *Matter of Santini Rests. v State Liq. Auth., supra; Matter of Sled Hill Cafe v Hostetter, supra).* Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.