■ In the Matter of A & R ENTERTAINMENT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review respondent's determination, dated December 26, 1980, which disapproved petitioner's application for an on-premises liquor license. Determination confirmed and proceeding dismissed on the merits, with $50 costs and disbursements. Disapproval by respondent of petitioner's application for an on-premises liquor license was made on essentially two grounds, to wit, the proposed financing of the premises was unsatisfactory and the prior history of the premises was disreputable. With respect to the financing, respondent found that a large portion of the funds to be invested by petitioner's sole principal was borrowed from relatives and from lending institutions, and that an additional sum of $5,000 was "alleged to be cash gifts from [the principal's] wedding". Respondent inferred that it had not been fully and accurately informed as to the sources of the funds. On that basis, as well, evidently, as on the basis that a very large part of the investment consisted of borrowed funds, respondent considered that the proposed financing was unsatisfactory. The record supports respondent's findings. The inferences drawn will not, therefore, be set aside by this court (see *Matter of Roccaforte v O'Connell,* 271 App Div 831, affd 296 NY 938; *Matter of Bruno-Mario Rest. Corp. v State Liq. Auth.,* 29 AD2d 518, republished at p 536; see, also, *Matter of Tobkes v O'Connell,* 272 App Div 240). Insofar as respondent assumed that the prior adverse history of the premises, when it was unlicensed and not under petitioner's control was a ground for denying the license, respondent erred (see *Matter of Matty's Rest. v New York State Liq. Auth.,* 21 AD2d 818, affd 15 NY2d 659; see, also, *Matter of Circus Disco v New York State Liq. Auth.,* 51 NY2d 24, 36). This error, however, does not require that the petition be granted inasmuch as the first ground upon which denial of the application was based is supported by substantial evidence. Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.

■ In the Matter of ZENNIA BRAKER, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State commissioner, dated February 7, 1980 and made after a statutory fair hearing, as affirmed the determination of the respondent local agency insofar as it removed petitioner's needs from the public assistance budget for 30 days because of her alleged failure to co-operate with the agency's work incentive program. Petition granted, and determination annulled, insofar as reviewed, on the law, without costs or disbursements. The sole evidence submitted by the agency at the hearing was hearsay. It was not corroborated by the testimony of the petitioner and therefore cannot constitute the substantial evidence upon which an administrative decision must be based (see *Matter of Ayala v Toia,* 59 AD2d 739). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.