■ In the Matter of FABULOUS STEAK HOUSE, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority dated July 13, 1988, which denied the petitioner's application for a corporate change, the petitioner appeals from a judgment of the Supreme Court, Queens County (Smith, J.), dated March 27, 1989, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, the petitioner's application for a corporate change is granted, and the respondent New York State Liquor Authority is directed to issue a license to the petitioner forthwith.

In reviewing the determination of the New York State Liquor Authority (hereinafter the Authority) to deny the petitioner's application for a corporate change, the sole issue is whether the disapproval by the Authority of the application for a corporate change was arbitrary and capricious or an abuse of discretion *(see,* CPLR 7803 [3]), that is, whether the determination was justified or was without foundation in fact *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Relying upon the erroneous advice of counsel, the new sole shareholder of the petitioner began availing himself of the petitioner's liquor license without having first applied for a corporate change and secured the transfer of the license. On the basis of this technical, albeit nonwillful, violation of the Alcoholic Beverage Control Law, the Authority disapproved the application for the requisite corporate change. In disapproving the application on this basis, the Authority determined that "approval of this application would not be conducive to proper regulation and control * * * approval would tend to create a substantial degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law and * * * public convenience and advantage would not be promoted by the approval of this application".

We find that there is no rational basis for the determination by the Authority. The record lacks factual support for the Authority's conclusions that the transfer of the license to the petitioner "would not be conducive to proper regulation and control" and that the approval of the corporate change "would tend to create a substantial degree of risk in the administra-

tion and enforcement of the Alcoholic Beverage Control Law" *(see, Matter of Matty's Rest. v New York State Liq. Auth.,* 21 AD2d 818, 819, *affd* 15 NY2d 659). With the exception of the unwitting violation of the Alcoholic Beverage Control Law by the petitioner, it appears that the principal of the petitioner was otherwise eligible for licensing. Furthermore, given that there is an existing license for the subject premises, the Authority's determination that "public convenience and advantage would not be promoted by the approval of [the] application" *(see generally,* Alcoholic Beverage Control Law § 2) is not borne out by the record, especially since the original license was not revoked or canceled. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.