■ In the Matter of LEONARDO REALMUTO, Doing Business as ANDREA'S ITALIAN DELI, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated February 1, 1990, which disapproved the petitioner's application for a combined off-premises beer and wine products license, the New York State Liquor Authority appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered February 8, 1991, which annulled the determination and remitted the matter to it for its approval of the petitioner's application.

Ordered that the judgment is affirmed, with costs.

The petitioner's grandfather, Andrea Burriesci, established Andrea's Italian Deli in 1970. The premises was licensed by the New York State Liquor Authority in 1975. At that time the grandfather listed two of his sons, Mario and Joseph, as partners. It appears that in 1980, Mario left the business to establish his own pizzeria, and Joseph became a carpenter.

Andrea Burriesci then incorporated the business, and subsequently transferred the stock to his wife. The wife then transferred her interest to a third son, Salvatore, who thereafter brought in his sister and her husband, Maria and Vincenzo Realmuto, the petitioner's parents, as co-owners.

On June 24, 1987, Salvatore and the petitioner's parents applied to the New York State Liquor Authority (hereinafter SLA) for a combined off-premises beer/wine products license. The SLA denied the application in May 1988 noting that when an original license issued to the business expired in 1982, it was not renewed, and that, nevertheless, beer continued to be sold there until June 27, 1987 (i.e., three days after the application for the license), when the petitioner's mother was issued a summons for selling beer without a license.

In 1989, the petitioner applied for a combined off-premises beer/wine products license, and annexed to the application various documents, among which were a lease indicating that the petitioner was leasing the premises on which the business was located from his grandfather, various canceled checks showing payment of rent, and a business certificate dated 1989, showing that the petitioner is the successor in interest to the grandfather, even though the grandfather had purportedly divested himself of his interest to his wife in 1982.

The SLA denied the application on the ground that, in view of the history of the business, the petitioner is not the sole individual with an interest in it.

The Supreme Court annulled the determination and directed the SLA to promptly issue the petitioner the beer/wine products license. The SLA appeals from that judgment, and contends that its determination was not arbitrary and capricious.

We find that the SLA's determination disapproving the petitioner's application was arbitrary and capricious, and was properly annulled by the Supreme Court.

While it is for the SLA to assess whether the transferee of the business is a person who will properly conduct the premises, and whether he/she is the real party in interest (see, Matter of Mar-Jear Rest. Corp. v New York State Liq. Auth., 31 AD2d 741, affd 25 NY2d 771), any determination made after such an assessment must be supported by facts of reasonable persuasiveness (see, Matter of 2268 Tavern Corp. v New York State Liq. Auth., 41 AD2d 826). It is undisputed that Andrea's Italian Deli has had a very extensive history of family involvement. However, the documents and affidavits

submitted by the petitioner in support of his application clearly show that title to the business is placed in the name of the petitioner, who is in charge of its operation. The record does not indicate that the petitioner has a criminal or unsavory background. The sole reason offered by the SLA for disapproval of the application is that it is not convinced that the applicant is the sole party in interest in these premises or in this application.

Other than the sale by the petitioner's mother of beer, the SLA has not pointed to any adverse license history, or any criminal activities ever engaged in by any of the family members who were involved. Indeed, the petitioner points out that the SLA issued liquor licenses to his uncles Salvatore Burriesci and Mario Burriesci when they left the business to establish their own businesses.

Under the circumstances, the ground for disapproval is without any reasonable basis in fact, and is supported only by speculation and conjecture. The determination was, therefore, properly annulled as arbitrary and capricious (see, Matter of Sled Hill Cafe v Hostetter, 22 NY2d 607; Matter of Sail & Rail Corp. v New York State Liq. Auth., 55 AD2d 936; Matter of 8 Christopher St. Corp. v New York State Liq. Auth., 50 AD2d 534; Matter of Bonafino v Doyle, 39 AD2d 1009; Matter of Matty's Rest. v New York State Liq. Auth., 21 AD2d 818, affd 15 NY2d 659). Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.