■ In the Matter of 53089 MARTINA CORP., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated March 19, 1992, which disapproved the petitioner's application for an on-premises liquor license, the New York State Liquor Authority appeals from a judgment of the Supreme Court, Nassau

County (Levitt, J.), entered July 31, 1992, which annulled the determination and directed the issuance of a permanent on-premises liquor license to the petitioner.

Ordered that the judgment is affirmed, with costs.

The petitioner corporation sought an on-premises liquor license for premises located at 382 West John Street, Hicksville. Simultaneous to the petitioner's filing of the requisite papers required by the appellant New York State Liquor Authority, the petitioner filed and received a temporary license to traffic alcoholic beverages for on premises consumption. After the appellant recommended disapproval of the application for the permanent liquor license for the above premises, the petitioner amended the application to include the sublandlord and lender of money for renovations of the premises, as an officer of the petitioner. Thereafter, the appellant disapproved the petitioner's application.

The Supreme Court annulled the determination and directed the appellant to issue a permanent on-premises liquor license to the petitioner on the grounds that there was no rational basis for its determination. The appellant claims that the decision of the Supreme Court was erroneous in that the appellant's determination was not arbitrary and capricious nor an abuse of discretion. We disagree.

While the discretionary power to determine whether a person may be licensed to traffic in alcoholic beverages has been conferred by statute upon the appellant, the courts maintain their judicial responsibility to review and pass upon administrative action claimed to be arbitrary and without foundation in fact or in law (see, Matter of Matty's Rest. v New York State Liq. Auth., 21 AD2d 818, affd 15 NY2d 659). Furthermore, while it is for the appellant to assess whether the alleged transferee of the business is a person who will properly conduct the premises, and whether that person is the real party in interest, any determination made after such an assessment must be supported by facts of reasonable persuasiveness (see, Matter of Realmuto v New York State Liq. Auth., 181 AD2d 772; Matter of Mar-Jear Rest. Corp. v New York State Liq. Auth., 31 AD2d 741, affd 25 NY2d 771; Matter of Intino v Hostetter, 29 AD2d 625).

From the outset, the petitioner was truthful in its dealings with the appellant. When the application was initially filed, the sublandlord was listed as a financial lender in personal questionnaires, a financial statement, and other related documents. It was further explained in the affidavit of the subland-

lord that the rent to be paid by the petitioner included reimbursement for the loan, which took the form of improvements made in the restaurant. As the appellant's contention that the petitioner was less than fully candid in its application is unreasonable, its determination was properly set aside *(see, Matter of Matty's Rest. v New York State Liq. Auth., supra).*

Moreover, the appellant's disapproval of the petitioner's application on the basis that one of its principal's criminal history was such that it " 'would create a high degree of risk [and hazard] in the administration and enforcement of the Alcoholic Beverage Control Law' " lacks factual support *(Patrick McCloskey Inc. v State of New York Liq. Auth.,* 33 AD2d 780). In fact, all of the charges against that principal were dismissed, except for maintaining a nuisance, for which he was fined $1,000. Further, the Judge in the criminal proceeding found several mitigating factors, including that he was cooperative, that his criminal activity was atypical of him, that he was rehabilitated, and that the crime was of a non-reoccurring nature.

Under the circumstances, the grounds for disapproval are without any reasonable basis in fact. The determination was, therefore, properly annulled as arbitrary and capricious *(see, Matter of Sled Hill Cafe v Hostetter,* 22 NY2d 607; *Matter of Realmuto v New York State Liq. Auth.,* 181 AD2d 772, *supra; Matter of Sail & Rail Corp. v New York State Liq. Auth.,* 55 AD2d 936; *Matter of Bonafino v Doyle,* 39 AD2d 1009; *Matter of Matty's Rest. v New York State Liq. Auth.,* 21 AD2d 818, *affd* 15 NY2d 659, *supra).*

In light of our determination, we need not address the merits of the parties' remaining contentions. Bracken, J. P., Balletta, Ritter and Pizzuto, JJ., concur.