■ In the Matter of FEDWAY IMPORTS COMPANY, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [623 NYS2d 385] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 17, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner a wholesale wine license.

Petitioner, a New York corporation, is wholly owned by Richard Leventhal, who also owns, directly or indirectly, a

controlling interest in several other corporations that are presently licensed as wholesale distributors of alcoholic beverages in New Jersey and Rhode Island. Petitioner submitted to respondent two applications for a wholesale wine license: the first (which was later withdrawn) in 1991, and the second in October 1992. Denial of the latter application spawned this CPLR article 78 proceeding. Respondent's stated reason for disapproving the 1992 application was that Leventhal's business enterprises had "established a consistent, recurring pattern of committing violations of law" at both the State and Federal levels, and then seeking "to legitimize their actions by participating in offers and compromises to resolve their wrongdoings". Supreme Court found this conclusion to be without rational basis in the record and granted the petition. This appeal by respondent ensued.

Because we agree that, on this record, neither Leventhal's alleged transgressions in New Jersey nor his prior history with the Federal Bureau of Alcohol, Tobacco & Firearms (hereafter BATF) supports a finding that his companies have repeatedly violated laws governing the sale and distribution of alcoholic beverages, we affirm. Although several of Leventhal's corporations, in years past, have been charged with violations of New Jersey law, all of these charges were dismissed, either outright or by payment of offers in compromise. No admissions of guilt were made in connection with these offers, and none may be implied therefrom (see, Wyatt v Wyatt, 217 NJ Super 580, 587-588; cf., Roach v County of Albany, 31 AD2d 681). The fact that the companies were accused of wrongdoing—in response to which, it should be noted, each had registered a plea of "not guilty"—and elected to enter into offers in compromise, rather than become embroiled in possibly lengthy and costly litigation, does not support respondent's conclusion that they had actually violated the law.

Moreover, while Fedway Associates, Inc. (hereinafter Fedway), a New Jersey corporation owned indirectly by Leventhal, was charged with violations of the Federal Alcohol Administration Act in 1986, and those charges were sustained by the director of BATF, this ruling was found to be premised upon an improper interpretation of the governing statute and vacated by the Circuit Court of Appeals of the District of Columbia (see, Fedway Assocs. v United States Treasury, 976 F2d 1416), prior to petitioner's submission of the application at issue. The Circuit Court also concluded that, given previous court decisions in other circuits, Fedway's decision to proceed with the conduct that gave rise to the charges had been based

upon "a reasonable belief that the statute allowed it" *(supra,* at 1424). Hence, respondent cannot rely on the BATF order, which was ultimately determined to be unfounded, to support its finding that Leventhal had a history of violating or disregarding pertinent Federal law.

Respondent also contends that the application was properly denied because of petitioner's "lack of candor" in its dealings with respondent. Inasmuch as the notice of disapproval does not assign this as a reason for the denial, however, it cannot be invoked by respondent to secure judicial approval of its decision *(see, Matter of Circus Disco v New York State Liq. Auth.,* 51 NY2d 24, 31-32; *Matter of Barry v O'Connell,* 303 NY 46, 50-51). Given that the reasons actually cited by the agency for its disapproval of petitioner's application are not supported by the facts that were before it at the time, the determination was properly annulled *(see, Matter of 53089 Martina Corp. v New York State Liq. Auth.,* 190 AD2d 849, 851, *lv denied* 81 NY2d 710; *Patrick McCloskey, Inc. v State of New York Liq. Auth.,* 33 AD2d 780, 781).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.