■ In the Matter of RASCALS RESTAURANT OF NIAGARA FALLS, NEW YORK, INC., Doing Business as THE INN, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [643 NYS2d 806] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner corporation applied for an on-premises liquor license for a restaurant to be operated by petitioner's principals, Frederick and Antoinette Graci, in Niagara Falls. Respondent disapproved the application on the grounds that approval would not be conducive to proper regulation and control, that it would tend to create a substantial degree of risk and hazard in the administration and enforcement of the Alcoholic Beverage Control Law, and that public convenience and advantage would not be promoted by approval of the application. Supreme Court annulled respondent's determination, finding it to be "the product of conjecture and nothing more". We reverse. Contrary to the court's finding that there is "no evidence" to support respondent's determination, we conclude that the determination was based on uncontroverted facts. The proposed operators are the brother and sister-in-law of Ronald Graci, a convicted felon and the owner of the premises. Ronald's own application for a license for the same premises had been disapproved less than a

month before petitioner applied for a license. Respondent had determined that Ronald had an undisclosed interest in the prior licensee, Gatto's Grand Inn, Inc., and that his testimony in connection with the nonrenewal of Gatto's license was inconsistent with and contradictory to that on his own application. Respondent's determination has a rational basis and was not arbitrary or capricious, nor did it constitute an abuse of discretion (*see*, CPLR 7803 [3]; *Matter of Gambino v State Liq. Auth.*, 4 AD2d 37, 38, *affd* 4 NY2d 997; *Matter of Fredette v Hostetter*, 36 AD2d 891; *cf., Matter of RSSM, Inc. v New York State Liq. Auth.*, 204 AD2d 906; *Matter of 53089 Martina Corp. v New York State Liq. Auth.*, 190 AD2d 849, *lv denied* 81 NY2d 710). (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—CPLR art 78.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.