■ In the Matter of VILMA BARDINI, Deceased. DENISE GIESSERT, Respondent; JOHN BARDINI, Appellant. [691 NYS2d 808] —Order unanimously affirmed with costs for reasons stated in decision at Erie County Surrogate's Court, Mattina, S. (Appeal from Order of Erie County Surrogate's Court, Mattina, S.— Summary Judgment.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.

■ In the Matter of HA HA HA, INC., Doing Business as MICKEY RATS, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [692 NYS2d 565] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the petition seeking to annul respondent's determination denying petitioner's application for a liquor license and directed respondent to issue a liquor license to petitioner. Although respondent has the discretionary power to deny an application "for good cause shown" (Alcoholic Beverage Control Law § 64 [1]), its concerns that Michael J. Reese, petitioner's sole officer and stockholder, is not the sole real party in interest and lacks adequate experience to manage a business licensed to serve alcoholic beverages are based on speculation and conjecture and therefore do not constitute a rational basis for denial (*see, Matter of RSSM v New York State Liq. Auth.*, 204 AD2d 906; *Matter of 53089 Martina Corp. v New York State Liq. Auth.*, 190 AD2d 849, 850, *lv denied* 81 NY2d 710; *Matter of Realmuto v New York State Liq. Auth.*, 181 AD2d 772, 774). Further, the history of violations committed by the previous licensee is an insufficient basis for the denial of an application, especially where, as here, Reese had no ownership interest in the previous licensee and there is no reasonable factual basis to support a finding that he exercised managerial responsibilities with respect to that prior operation (*see, Matter of 512-3rd St. v New York State Liq. Auth.*, 217 AD2d 1010). (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—CPLR art 78.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.