In the Matter of JOHN J. KING, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Liquor Authority which disapproved petitioner's application for the renewal of a liquor license for the license year October 1, 1951, to September 30, 1952. An application for the renewal of a liquor license is to be regarded in the same manner as an application for a new license (*Matter of Restaurants Longchamps* v. *O'Connell,* 271 App. Div. 684, affd. 296 N. Y. 888). The Authority has a very broad discretion to determine whether it will issue or refuse to issue any license for the sale of liquor (Alcoholic Beverage Control Law, § 17, subd. 1; § 109). We are limited on this review solely to a determination of whether the denial by the Authority was arbitrary or capricious. The test is whether the record discloses circumstances which leave no possible

scope for the exercise of the Authority's discretion in the manner of which petitioner complains (*Matter of Stracquadanio* v. *Department of Health,* 285 N. Y. 93, 96). The record discloses, at least, a pending indictment against petitioner; the sale of liquor on credit in violation of the statute; and a close connection between the manager of the licensed premises and a gambling casino closely adjacent thereto. We cannot say under such circumstances that there was no possible or reasonable scope for the exercise of the Authority's discretion. Determination confirmed, with $50 costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., dissents, in the following memorandum: I dissent and vote to annul the determination of respondent which denied petitioner's application for a retail liquor license. Respondent should be required to grant petitioner's application. The proof in this record wholly fails to sustain the determination under review. Petitioner owns and operates a restaurant known as Newman's Lake House. For many years this restaurant has served the needs of innumerable patrons. It has been conducted in a respectable, decent and orderly manner. The charges which respondent has made against it are not only frivolous but without foundation in fact and unquestionably are motivated for reasons not disclosed in the proof before us. The decision of respondent is not only arbitrary and capricious but is a gross abuse of discretion.