In the Matter of Joseph Gambino et al., Copartners Doing Business as Greystone Wines & Liquors, Respondents, against State Liquor Authority, Appellant.

First Department, May 21, 1957.

*Emanuel Choper* of counsel (*Arthur A. Klotz,* attorney), for appellant.

*Elvin I. Unterman* of counsel (*James B. Wigdor* with him on the brief; *Elvin I. Unterman,* attorney) for respondents.

*Per Curiam.* Petitioners, the owners and operators of a liquor store at 430 West 238th Street, applied to remove their store to 547 St. Paul's Place, both locations are in the borough of The Bronx, and a considerable distance apart. The application for transfer was disapproved by the Authority upon the ground that there were a sufficient number of similarly licensed premises serving the vicinity applied for and that public convenience and advantage would not be served by the granting of the application; that a demolition project in the proposed area could be reasonably expected to substantially interfere with the income of the present stores in that area and that at least one of the stores in the proposed area might have to be relocated because the owner would be forced to vacate as a result of the demolition project.

In an article 78 proceeding, Special Term annulled the determination and directed the approval of the transfer, holding

that the Authority's determination was arbitrary and unreasonable and that public convenience and advantage would be promoted by allowing the change to the new site.

In *Matter of Drew* v. *State Liq. Auth.* (2 A D 2d 75, 78, affd. 2 N Y 2d 624) we stated: " In considering this appeal we must keep in mind the fact that the State Liquor Authority, by virtue of legislative enactment, exercises the police power of the State in the regulation of liquor traffic and is empowered ' to determine whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises licensed thereby.' (Alcoholic Beverage Control Law, § 2.) "

Subdivision 1 of section 17 of the Alcoholic Beverage Control Law gives the Authority the power to issue or refuse to issue any license or permit. Section 111 of the law provides that a license issued to any person for any licensed premises shall not be transferable to any other person or to any other premises " *except in the discretion of the authority.*" (Italics supplied.) Accordingly, the approval or disapproval of an application for transfer is discretionary with the Authority.

It is settled that the courts will not disturb the exercise of administrative discretion vested in the State Liquor Authority by the Alcoholic Beverage Control Law unless the action complained of be deemed arbitrary or capricious and the Authority's determination should be sustained if there is any reasonable basis for it. (*Matter of John J. King, Inc.*, v. *O'Connell*, 280 App. Div. 852; *Matter of Battaglia* v. *O'Connell*, 269 App. Div. 1002; cf. *Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93, 96.)

Therefore, the test to be applied is whether the record discloses circumstances which leave no possible scope for the exercise of the Authority's discretion in the manner of which petitioners complain (*Matter of Stracquadanio* v. *Department of Health, supra*). This is a burden the petitioners must discharge and on the record before us it cannot be held that they did. There is no proof that the area here involved is in such need of a retail liquor store that the denial of petitioners' application to remove into this area is unreasonable. Neither has there been any showing by the petitioners that the construction of a new housing project necessarily improves the business of the existing licensees so as to make the finding of the Authority in this regard arbitrary. The statement that the store that has to be relocated has no plans to relocate in the area is irrelevant. The unclarified status of the fourth store is sufficient warrant for the denial of the petitioners' application.

There is reasonable basis in law and on the evidence to sustain the action of the Authority (*Matter of William H. Grossman, Inc.* v. *Quinn,* 281 App. Div. 1028). Special Term was without authority to project itself into the future and decide what the needs of this area would be in relation to liquor stores and then to substitute its judgment for that of the Authority (*Matter of Glintenkamp* v. *O'Connell,* 296 N. Y. 806, affg. 271 App. Div. 795).

Order should be unanimously reversed, with $20 costs and disbursements to appellant, the petition dismissed and the determination of the State Liquor Authority reinstated.

PECK, P. J., BOTEIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the petition dismissed and the determination of the State Liquor Authority reinstated.