■ In the Matter of JACK COOPER et al., Respondents, v. STATE LIQUOR AUTHORITY et al., Appellants.— Order entered July 27, 1960, annulling determination of appellant State Liquor Authority and remanding the matter

for further investigation and reconsideration unanimously reversed, on the law and the facts, the petition is dismissed, and the determination of the State Liquor Authority is reinstated and confirmed, with $20 costs and disbursements to appellants. This is a proceeding under article 78 of the Civil Practice Act brought by three neighboring retail liquor store dealers, who seek to annul and set aside the determination of the State Liquor Authority approving appellant Feilbert's application for a retail liquor store license. Feilbert had previously operated a store at another premises for 15 years, but had been required to vacate when the property was acquired for a public purpose. The action under review herein involves the Authority's approval of Feilbert's application to remove his retail liquor store license to premises in the area where the three petitioners operate liquor stores. Upon this record it cannot be held, as was stated at Special Term, that the Authority based its determination exclusively on the volume of sales in the neighborhood where it had licensed Feilbert to open his store or on the economic prospects of the licensees in that neighborhood. The conclusion of the Authority was that it would serve public convenience and advantage to permit the removal requested by Feilbert. Upon this appeal, limited as we are to a consideration of whether the determination of the Authority was arbitrary or capricious, we cannot say that the record leaves no scope for the proper exercise of its discretion within the statutory requisites for the issuance of licenses (*Matter of Restaurants, Longchamps* v. *O'Connell*, 271 App. Div. 684, affd. 296 N. Y. 888; *Matter of John J. King, Inc.* v. *O'Connell*, 280 App. Div. 852). Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.