■ In the Matter of CLARA AND BERNARD RESTAURANT INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority disapproving petitioner's application for a restaurant liquor license annulled on the facts and the law, with $30 costs and disbursements to petitioner, and matter remanded to respondent for issuance of license. The premises in question are located at 246 West 48th Street and have been licensed since 1946. From that date until 1960 the licensees have been either Odelia Ricca, individually, or Odelia Ricca in partnership with another. During all of this period the premises were conducted in an orderly manner and there were only two violations against the premises — and those of minor character.

Odelia Ricca is one of the principals of the petitioner corporation. The other principal is her husband, Bernard Ricca. He has a long record as a licensee of other premises, which record shows no violations. For a substantial period he operated premises at 230 West 48th Street, in the immediate vicinity of the premises involved here. When he took over those premises, the place had a bad record of disorderly management, but during his tenure respondent had no complaint about the operation. In 1960, Odelia Ricca sold the business to Benrose Rest., Inc. During the Benrose operation the premises were conducted in a disorderly manner, resulting in cancellation of the license in September, 1963. Benrose defaulted on its notes for the purchase price and on a chattel mortgage on the fixtures, both held by Odelia Ricca, ·and she acquired the fixtures by foreclosure. During the period of Benrose's operation Bernard Ricca was the owner of the building. Respondent denied petitioner's application for a license, made in December, 1963, on the ground that this was a sensitive neighborhood and that Bernard Ricca as landlord of the building, had knowledge of the disorderly operation and failed to take any steps to correct it. We do not deem either of these grounds substantial. Granting that the neighborhood is sensitive, both principlals have demonstrated as well as that can be done an ability to cope with the problems inherent in a sensitive neighborhood to the satisfaction of the respondent. The mere fact that as landlord Bernard Ricca failed to take any steps against his tenant is of no moment. The same facts which respondent relies on to show his knowledge were equally known to respondent. There can be no doubt that any activity on his part could not be as effective as that within the power of respondent and that correction of the situation was the primary responsibility of respondent rather than the landlord. There is no claim that the landlord in any way influenced the management or abetted in the disorderly operation. Under these circumstances the denial of a license to the petitioner is arbitrary. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.