Chief Judge Desmond.
This order must be reversed and the matter remitted to the State Liquor Authority to develop a complete record as to the package store license application and to establish the basis for the Authority’s conclusion that the grant of the license will promote “ public convenience and advantage ” (Alcoholic Beverage Control Law, §§ 2, 63, subd. 6).
In April, 1965, when the application of respondents Schecter and Fruchter for a new package store license was approved by the Authority, there were, within 600 feet of the proposed premises, no fewer than four other such licensed shops, one of which, owned by petitioner-appellant, was but 75 feet distant from the Schecter-Fruchter proposed location. Annexed to the Authority’s answer to the petition in this proceeding were three documents. One of them was a report of an “ Area survey ’ ’ made by an investigator and of his 11 Office interview ’ ’ with applicants Schecter and Fruchter. This report contains data as to location of the subject premises, proximity to other stores and prior history, background and financial position of the applicants. Nothing in this paper is pointed to as having any bearing on “ public convenience and advantage ” and the same is true as to the second document, a State Liquor Authority ‘ ‘ Zone Office Digest Sheet”, except that the latter shows the gross receipts of the four nearby package stores for 1962 and 1963. These show that the 1962 figures ranged from $89,000 to $227,000 and that all these stores showed small increases (2, 3, 10, 12%) in 1963.
The third item attached to the Authority’s answer, apparently by way of explaining why ‘ ‘ public convenience and advan *229 tage ” requires still a fifth liquor store in this small area, is an affidavit by the Chairman of the State Liquor Authority. He describes the location, shows that it violates none of the prohibitions of the statute, repeats the gross earnings of other stores already referred to, describes the investigations and the Authority’s deliberations and recites the Authority’s determination and findings that ‘ ‘ public convenience and advantage would be served by the granting of the Schecter-Fruchter application ’ ’. The Authority calls our attention to its investigator’s report which describes the neighborhood as “ congested ” and the Schecter-Fruchter building as being on a business street in a mixed business and residential neighborhood. There is nothing else in this record. It fails completely to establish that the Authority’s grant of the new license promotes “public convenience and advantage ”.
Several propositions have been settled by recent decisions of this court. In Matter of McNulty v. State Liq. Auth. (17 N Y 2d 434) we confirmed that a competitor has standing under section 123 of the Alcoholic Beverage Control Law to contest the grant by the Authority of a liquor store license. In previous decisions we had ruled that the Authority must as to each such application weigh and determine ‘ ‘ public convenience and advantage ’ ’ (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518; Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 16 N Y 2d 112; Cantlin v. State Liq. Auth., 16 N Y 2d 155, 162, 163). In the Hub decision we had stated also that it was unnecessary for the Authority in these cases to make specific findings of fact. Reading all these cases together leaves no doubt that the Authority when challenged in court, although it need not produce ‘ ‘ findings ” of the conventional sort, must show forth a rational basis for its conclusion as to “public convenience and advantage ”. The right of a competitor to challenge the grant would be meaningless unless the reasons had to be set forth with clarity (see Securities & Exch. Comm. v. Chenery Corp., 332 U. S. 194, 196,197; cf. Matter of Scudder v. O’Connell, 272 App. Div. 251, 253, 254).
Apparently the State Liquor Authority in times past felt the same way as to its obligation in cases like this. We are cited to several instances where it disapproved, for lack of “ public convenience and advantage ”, applications for store licenses in *230 locations not as well served with existing stores as in the present case (see Matter of Watinsky v. O’Connell, 271 App. Div. 973, affd. 297 N. Y. 552; Matter of Snetlage v. O’Connell, 271 App. Div. 1015, affd. 297 N. Y. 707; Matter of Pichacz v. O’Connell, 272 App. Div. 755, affd. 297 N. Y. 981).
“ Public convenience ” necessarily refers to the accessibility of stores and involves considerations of distance, overcrowding of present facilities, etc. “Public advantage ” is a broader terra which brings into play social and similar problems, and involves the State’s general policy as to the sale of alcoholic beverages for off-premises consumption. That general public policy, as stated in section 2 of the Alcoholic Beverage Control Law, is to regulate the manufacture and distribution of alcoholic beverages for the purpose of fostering and promoting temperance and respect for and obedience to law. The record on this appeal leaves it a mystery as to how either ‘ ‘ public convenience ” or “ public advantage ” can in any conceivable way or according to any possible way of thinking be promoted by licensing a fifth package store in this small neighborhood.
The order should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to the State Liquor Authority for further proceedings not inconsistent with this opinion.