■      In the Matter of PETER J. FIORELLA, JR., Doing Business as TOWN AND COUNTRY CLUB, Appellant, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondent.— HERLIHY, J. This is an appeal from an order of Supreme Court, Special Term, which dismissed the petition of appellant seeking review of the respondent's denial of his application for a liquor license. The respondent State Liquor Authority, hereinafter called Authority, denied petitioner's application for a license with the statement that it was "Not satisfied that applicant is sole party in interest". The basis of this determination was stated to be that his brother had had a license cancelled in January of 1965 and was "presently employed in the subject premises by applicant as a bartender" and further, that the source of the funds applicant received from his mother for use in this business was not adequately explained. Special Term held that insofar as the source of appellant's capital was concerned, the Authority would have no reasonable basis for its determination and with this finding we concur. Special Term confirmed the determination, however, on the ground that there was some reasonable basis for the determination of the Authority on the theory that the appellant's brother is an interested person. The brother was employed by appellant for four weeks prior to this application for a license but since that time the brother has been managing another night club. The answer contains an exhibit which refers to an affidavit of one Alma Gokey which asserted that the brother held himself out as owner of the premises in question, but this is not sufficient for an inference of having an individual interest in the business as to appellant's application. The record supports the inference that petitioner has a brother who may be an undesirable under the provisions of the Alcoholic Beverage Control Law or the regulations of the State Liquor Authority, but at the time of the application for review of the board's prior decision, he was no longer associated with the appellant or the premises sought to be licensed. The determination of the board, upon review, that "prior determination is adhered to" was, under the circumstances, arbitrary and capricious. Order reversed, determination annulled and matter remitted to the State Liquor Authority for further proceedings not inconsistent with this memorandum, with $50 costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.