■ In the Matter of BERNARD FRANKLIN KASS, Also Known as BERNARD KASS and BERNARD F. KASS.— Motion by a disbarred attorney for reinstatement as a member of the Bar. Motion denied. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ MARY BRADY, Appellant, v. FRED FEHLING, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Rockland County, dated March 29, 1967, which denied her application for a general preference in trial. Order reversed, on the law and the facts, with $10 costs and disbursements, and application granted. In our opinion, the jurisdictional monetary limitation of the County Court, Rockland County, may preclude adequate recovery by plaintiff in that court. It was therefore an improvident exercise of discretion to deny the application. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.

■ LIZZIE FLEISCHER, Appellant, v. NIEBERG MIDWOOD CHAPEL, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated January 13, 1969, in favor of defendants after a jury trial limited to the issues of liability, upon the trial court's setting aside of the jury's verdict for plaintiff and directing a verdict for defendants. Judgment affirmed, with costs. Plaintiff sustained her injuries when she fell on a stairway in defendants' premises. The trial court held that plaintiff had failed to establish actionable negligence. In our opinion, that determination was correct. Affording plaintiff every favorable inference from the proof, and assuming that the staircase and particularly a railing thereon had been improperly constructed, as claimed by her expert (cf. *Fortgang* v. *Chase Manhattan Bank,* 23 N Y 2d 895), we find no evidence whatever that the alleged defective condition was the proximate cause of the accident (cf. *Martin* v. *Herzog,* 228 N. Y. 164, 170). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.

■ In the Matter of the BLUE BABY COCKTAIL LOUNGE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under CPLR article 78 to annul respondent's determination, dated April 17, 1969, which disapproved petitioner's application for a special on-premises liquor license. Determination confirmed and proceeding dismissed, without costs. Petitioner has the burden of establishing that respondent acted arbitrarily or capriciously in exercising its discretion to refuse the requested license (*Matter of Farina* v. *State Liq. Auth.,* 20 N Y 2d 484; *Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465; *Matter of Gambino* v. *State Liq. Auth.,* 4 A D 2d 37, affd. 4 N Y 2d 997). Petitioner has not discharged that burden; rather, the record discloses evidence reasonably justifying the discretion exercised by respondent in denying to petitioner the license sought by it. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.