■ In the Matter of THOMAS SEE, Doing Business as SEECONE LOUNGE, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination dated November 7, 1974, which (1) revoked petitioner's special on-premises liquor license, (2) imposed a $1,000 bond claim and (3) proscribed the issuance of any liquor license for the premises in question for two years. Petition granted to the extent that the determination is modified, on the law, by (1) deleting the provision therein that the license is revoked and substituting therefor a provision that the said license is canceled and (2) deleting therefrom the proscription against the issuance of a liquor license for a two-year period. As so modified, determination confirmed and petition otherwise dismissed, on the merits, without costs. We agree with the State Liquor Authority that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by knowingly permitting a lewd and indecent performance by an entertainer in the licensed premises on the evening of August 28, 1974 and the early morning of August 29, 1974. However, since (1) the record indicates that petitioner had not, prior or subsequent thereto, been involved in any violation of the Alcoholic Beverage Control Law or any rule or regulation of the State Liquor Authority, and (2) the members of the authority were closely divided in their vote concerning the two-year proscription against the issuance of any liquor license for the premises, we hold that the penalty imposed was an abuse of discretion and deem it appropriate to modify the penalty to the extent above directed. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.

■ In the Matter of ST. PAUL'S TAVERN, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, dated September 24, 1973, which disapproved petitioner's application for a special on-premises liquor license. Determination

annulled, on the law, with $20 costs and disbursements, and respondent is directed to issue the license forthwith. Alfred E. Sherman, the sole principal of the petitioner, now 63 years old, had achieved the position of vice-president and general manager of a major distributor of foreign automobiles. His employment terminated in 1973 after 17 years when the manufacturer decided to distribute its cars under its own aegis. Mr. Sherman has not been employed since that time. Petitioner's application for a special on-premises liquor license at 6 St. Paul's Avenue, Staten Island, was denied by respondent on the ground of inexperience, insufficient proof of the source of the investment funds and insufficient proof that Mr. Sherman was the sole person interested in the business. Petitioner's landlord, William Antico, is Mr. Sherman's father-in-law. Mr. Antico had been the principal of a corporation at another location whose liquor license was canceled for concealment of employment of a felon, Mr. Antico's possession of firearms and his promotion of gambling. Mr. Antico had then unsuccessfully applied for removal to the instant premises. As indicated in the local board's notice of recommendation of disapproval herein, the deputy commissioner's memorandum and respondent's notice of disapproval, Mr. Antico's history was the major reason for the disapproval of petitioner's application, despite Mr. Sherman's unblemished and successful career. The record shows that Mr. Antico had unsuccessfully attempted to sell the entire premises (consisting of two apartments and a store) and to rent the store. Mr. Antico asserted that he is still desirous of selling the premises. There is nothing in the record to indicate that he will have any interest in the proposed business, other than as landlord. In the light of Mr. Sherman's background, his age and his limited opportunities in the field in which he was so long employed, we conclude that there was no reasonable basis for respondent's conclusion that the application was a subterfuge for Mr. Antico's participation in the proposed business (*Matter of 2268 Tavern Corp.* v. *New York State Liq. Auth.*, 41 A D 2d 826). Nor do we believe that the denial was justified by Mr. Sherman's lack of experience in the proposed business in view of his broad managerial background and the extensive tavern experience of his proposed manager. The entire investment required by petitioner was $6,000. In December, 1972, some six months prior to the application, Mr. Sherman received a year-end bonus of $6,030 which was deposited into his checking account. Although there were three additional deposits thereafter, totaling $8,723, whose source is not verified (Mr. Sherman averred these latter amounts were earned from buying and selling cars), the verified deposit of $6,030, plus his substantial fixed assets, was more than sufficient to finance the venture. There is nothing to indicate that Mr. Antico was the source of these additional and unnecessary deposits. Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur.