In the Matter of TOBO REST, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination disapproving petitioner's application for a spe-

cial on-premises liquor license. Determination annulled, on the law, with $20 costs and disbursements, and respondent is directed to issue the license forthwith. Respondent's disapproval (affirmed by respondent's review board by a three to two vote) was based on the combination of petitioner's principal's inexperience, the sensitive area· in which the premises are situated and the prior adverse history of the premises, i.e., continual law enforcement problems. Petitioner's principal, Robert Salerno, now 44 years old, has been a successful contractor since 1954. He is also the president and a stockholder in the close corporation that is petitioner's landlord and that has other real estate holdings. The corporate landlord was also landlord of several former tenant licensees of the subject premises. There is no connection between Salerno and prior licensees other than the relationship of landlord and tenant. A landlord applicant may not be refused a license on the ground that his former tenant licensee operated disorderly premises *(Matter of Clara & Bernard Rest. v New York State Liq. Auth.,* 22 AD2d 871). An unsavory history of premises under different and unrelated management is likewise an improper basis on which to disapprove a new applicant *(Matter of 135 Rest. Corp. v State Liq. Auth.,* 25 AD2d 651). This court recently held that a finding of lack of experience in a proposed licensee cannot be justified where the applicant's principal had a broad managerial background *(Matter of St. Paul's Tavern v State Liq. Auth.,* 47 AD2d 672). A proper liquor license application submitted by a responsible person is unreasonably denied on the mere speculation that the adverse history of the premises and the location of the premises in a sensitive area will preclude him from operating a lawful and orderly establishment, properly supervised by him and his employed staff *(Matter of Santini Rests. v State Liq. Auth.,* 32 AD2d 514). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.