■ In the Matter of LYDIA's BAR & GRILL INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Judgment, Supreme Court, New York County, entered March 25, 1975, denying petitioner's application and dismissing the petition, reversed, on the law, and the matter remanded to the respondent State Liquor Authority for further consideration, without costs or disbursements. Petitioner's principal had her initial application rejected on the basis of the prior adverse history of the premises, as well as her lack of bartending experience, though she had adequate managerial experience. She then reapplied together with one who was designated as a 50% shareholder. According to the applications submitted, this included a concomitant financial investment on the part of the new shareholder. This second principal concededly had extensive bartending experience. The application was rejected a second time "in the light of the adverse history of the proposed premises, the background of Lydia Anglada, her retention of full time employment, and her new plan of operation". The premises were previously owned by persons unrelated in any way to the prospective principals. Though the manager was Mrs. Anglada's former husband, there was a representation made that he has not nor will have any share or access to the premises. A prior adverse history of a licensed premises does not bind an applicant for a license, especially when the applicants were in no way involved with the former licensees (cf. *Matter of Fiorella v Hostetter,* 25 AD2d 801). In addition, the combined experience of the principals evidences sufficient managerial and bartending experience. The respondent liquor authority concedes that there is no statutory proscription against the licensing of the premises but, rather, rests its determination in the exercise of its discretion. In view of the experience of the principals and their lack of nexus with the prior owner, we find respondent's determination to be arbitrary and capricious and have accordingly remanded the proceeding for further consideration. Concur—Markewich, J. P., Lupiano, Tilzer and Lane, JJ.; Capozzoli, J., dissents in the following memorandum: The premises in this case had a highly adverse police history while previously licensed, including sales of narcotics, shootings (one resulting in a homicide), assaults, stabbings and kidnapping of a woman patron from the premises, who was

subsequently raped. It cannot be denied that, considering the fact that these premises have been a continuing problem for law enforcement authorities, the State Liquor Authority had every right to look into the experience and strength of the applicants in arriving at a conclusion as to whether they could conduct a good place, free of criminal acts. On the basis of the evidence before it the authority was justified in refusing to issue a special on-premises liquor license to the petitioner-appellant. Particularly appropriate to this case is the language of Mr. Justice Christ, in a similar situation, *Machnach v New York State Liq. Auth.* (NYLJ, Aug 28, 1953, p 316, col 5) which follows: "The record before the New York State Liquor Authority shows that this bar and grill has been a place of disturbance, a scene of crime and a continuing problem for law enforcement authorities. The liquor authority in refusing this application bases its determination upon the reasoning that a bar and grill which has been the focal center of so much police attention is a potential and continuing source of future trouble so long as it is licensed, unless managed by people of experience, strength and character to run a good place. The court may not interfere with a reasonable exercise of discretion by the liquor authority. Unless its determination was arbitrary or unreasonable it must stand. This court under the circumstances in this case may not substitute its judgment for that of the liquor authority". The court below was correct in its finding that the operation would be entrusted to one who has little or no financial stake in this proposed business. The one partner who is contributing the greater amount of money is retaining her full-time employment away from the premises where the business would be operated. Under the circumstances disclosed in this record, the determination of the State Liquor Authority was a reasonable exercise of the discretion vested by law in the authority. The court below was correct in awarding judgment in favor of the respondent-respondent and I therefore vote to affirm.