■ In the Matter of GEORGE B. HANSEN, JR., Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—Appeal, by permission, from a judgment of the Supreme Court at Special Term, entered December 14, 1979 in Greene County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Liquor Authority disapproving petitioner's application for a license to sell wines and liquors, and remanded the license application to the State Liquor Authority for further consideration. Petitioner sought a retail liquor store license for a store in the Jamestown Plaza in Catskill, New York. An investigation of the application disclosed that the applicant is an appropriate person as to character and financial resources, but that the presence of three existing stores located within a short distance of the proposed store dictated a disapproval of the application. Petitioner requested review. A hearing was held before the deputy commissioner on May 25, 1979 in which the petitioner pointed out that the other stores provided limited parking, all of which affected safety; that they were not on major thoroughfares; and that they did not offer the variety of libations that the petitioner proposed to sell. He argued that a grant of the license would serve the convenience and advantage of the public. The deputy commissioner recommended disap-

proval. The authority, thereafter, also disapproved the application on the grounds that the area is already adequately served by existing package stores; that the public convenience and advantage would not be promoted by granting the application; and that the grant of license would not be conducive to proper regulation and control. Special Term annulled the determination and remanded the matter for further consideration. The crucial issue in a review of a determination of the authority is whether it acted arbitrarily and capriciously in disapproving the application (Matter of Farina v State Liq. Auth., 20 NY2d 484). In that regard we must look to whether the reasons given by the authority for its determination are supported by the facts (Matter of Forman v New York State Liq. Auth., 17 NY2d 224). The evidence discloses that the increase in the sales of the three nearby liquor stores amounted to a scant 5% in the past year. Petitioner indicated that he needed $375,000 in gross sales to break even. The area in question is not densely populated, having a population of 5,300. Petitioner's business would have to draw from the same area which had showed a marginal increase in business or from travelers passing by. It is evident from the record that the economy of the area is unlikely to be able to sustain an additional store. Also, the area has a sufficient number of stores to serve the public. The finding of the authority is, therefore, neither irrational nor capricious. Judgment reversed, on the law, determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur. [101 Misc 2d 691.]