■ In the Matter of STANWOOD PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority, dated August 4, 1980, which disapproved petitioner's amended application for a special on-premises liquor license. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner, whose original principals were Thomas Maggiore and Gioachino Leale, each a 50% shareholder, applied for a new on-premises liquor license for premises located at 180 Irving Avenue, Brooklyn, New York. Leale, who owned a funeral home which he intended to continue operating, was to invest $6,000 and take no active part in management. He had no prior experience in the liquor or tavern field. Maggiore, recently convicted of bribery in the second degree, was to invest no money and be the full-time manager. The New York City Alcoholic Beverage Control Board recommended disapproval of the application on the basis of Maggiore's lack of funds, his lack of investment, his prior conviction and Leale's passive role in management. Leale filed an amended application, listing his brother Charles as the full-time manager, and indicating that Charles also had no experience in the field and was not going to invest in the business, although it was claimed that he had sold his ice cream store to undertake this new employment. Thomas Maggiore was not listed as either an officer or stockholder, and Gioachino Leale submitted an affidavit and corporate resolution which stated that Maggiore had divested himself of all interest in the petitioner corporation. It appears that Maggiore died in an accident following the commencement of "these proceedings." The amended application was disapproved by respondent. Respondent noted the prior application, the substitution of Charles Leale for Thomas Maggiore, and stated that it was not satisfied that the corporate applicant and its principal were the sole and exclusive parties in interest in the application and premises. It also found that the Leale brothers had not shown that they were experienced in operating in the tavern or liquor field. The State Liquor Authority has broader discretion in denying a new application for a license than in the revocation of an existing one, although its discretion must rest upon a rational basis. *(Matter of Sled Hill Cafe v Hostetter,* 22 NY2d 607, 612.) Among those factors to be evaluated in exercising this discretion are the prior experience and financial stability of the applicant (9 NYCRR 48.7). Disapprovals of license applications on the grounds of insufficient experience and lack of financial stability are proper. *(Matter of Soul Scene v State Liq. Auth.,* 35 AD2d 574; *Matter of Tobkes v O'Connell,* 272 App Div 240.) The petitioner has the burden of establishing that respondent acted arbitrarily or capriciously in disapproving its application. *(Matter of Blue Baby Cocktail Lounge v New York State Liq. Auth.,* 33 AD2d 521.) Petitioner herein has failed to meet that burden. Although there is no evidence in the record from which respondent's conclusion, that undisclosed principals are involved, could be drawn, even deleting this finding would not

impair the sufficiently demonstrated ground of the petitioner's lack of experience in the operation of a tavern or liquor business. Where, as here, there is factual support for the determination that granting a license would create a substantial degree of risk in the enforcement and administration of the Alcoholic Beverage Control Law, that determination must stand. (See *Matter of Matty's Rest. v New York State Liq. Auth.,* 21 AD2d 818, affd 15 NY2d 659.) Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.