■ In the Matter of PETER J. ZITO, Doing Business as MONTE CARLO II, Petitioner, v STATE LIQUOR AUTHORITY, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding, which was transferred to our court pursuant to CPLR 7804 (subd [g]), petitioner seeks review of a determination of the State Liquor Authority (Authority) made January 21, 1980 which granted petitioner's request for review of its prior disapproval of his application for an on-premises liquor license and upon review adhered to that determination. The reasons cited for disapproval by the Authority were the adverse history of the premises while licensed to petitioner's father; the revocation of that license; past neighborhood complaints and present neighborhood objections; petitioner's criminal conviction; the continued involvement of petitioner's father in the premises and in a company owing money to petitioner; and the lack of adequate visibility into the premises from the street. The discretion of the Authority in denying a new application for a license is broader than in revoking or suspending a license and the court is limited to a determination " ' "whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion" ' " (*Matter of Sled Hill Cafe v Hostetter*, 22 NY2d 607, 612; *Matter of CVL Enterprises v State Liq. Auth.*, 79 AD2d 870). The burden is on the petitioner to demonstrate that the action taken was arbitrary and capricious (*Matter of Gambino v State Liq. Auth.*, 4 AD2d 37, affd 4 NY2d 997; *Matter of Circus Disco v New York State Liq. Auth.*, 73 AD2d 354, revd on other grounds 51 NY2d 24; *Matter of Blue Baby Cocktail Lounge v New York State Liq. Auth.*, 33 AD2d 521). Neighborhood opposition is not a sufficient legal reason to deny a license (*Matter of P.G.P. Entertainment Corp. v State Liq. Auth.*, 52 NY2d 886; *Matter of Circus Disco v New York State Liq. Auth.*, supra). Nor would the claim of inadequate visibility into the interior of the premises support a license denial in light of the substantial remodeling done by petitioner and his stated willingness to meet any specifications for visibility which may be required by the Authority pursuant to regulations (9 NYCRR 48.4 [a]). The remaining reasons given by the Authority find ample support in the record. The adverse history of the premises relates to the time when the restaurant was owned and managed by petitioner's father. During that period there were six letters of warning, two suspensions, 36 calls to the police during the last year of operation, and, finally, revocation of the license. There is substantial evidence

that petitioner was involved with the premises for at least part of the last year of its operation and a similar finding had been made when a prior application by petitioner was disapproved in 1974. Additionally, petitioner's father's license had been suspended for 22 days when petitioner was convicted of selling marihuana to an undercover Deputy Sheriff on the premises. Consequently, petitioner cannot claim that he was not a part of the unsavory history of the premises or that it had been operated under a different and unrelated management (cf. *Matter of Tobo Rest v State Liq. Auth.*, 49 AD2d 766; *Matter of Lydia's Bar & Grill v New York State Liq. Auth.*, 49 AD2d 840, revd 40 NY2d 968; *Matter of 135 Rest. Corp. v State Liq. Auth.*, 25 AD2d 651). Further, the continued involvement of petitioner's father was sufficiently established. His father still owns the premises, has invested $6,000 in renovation and has waived two years rent under the lease to petitioner. Promissory notes totaling $6,900 from Buywise Motors, Inc. were set out in petitioner's statement of finances. While petitioner's father apparently divested himself of ownership in Buywise in 1975 for $1, he remains involved in the business, having the authority to execute promissory notes on behalf of the corporation as its vice-president. There is thus a reasonable basis for the conclusion of the Authority that petitioner's operation of the premises would not be free from his father's involvement (see *Matter of Intino v Hostetter*, 29 AD2d 625). In sum, the record supports the action of the Authority as a reasonable exercise of its discretion. (Article 78 proceeding transferred by order of Supreme Court, Niagara County, Broughton, J.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.