■ In the Matter of the CLUBHOUSE, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Yesawich, Jr. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered February 2, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioner's application for an on-premises liquor license.

Petitioner is the latest of a series of unsuccessful applicants seeking a liquor license for a restaurant site in Albany County that has in the past been implicated in illegal gambling activity. Following Supreme Court's judgment annulling respondent's disapproval of petitioner's license application and remand of the matter to respondent for further consideration, respondent conducted an additional investigation after which it reinstated its earlier determination, prompting petitioner to bring this second CPLR article 78 proceeding. Finding little new evidence to support respondent's decision, Supreme Court concluded again that the determination was arbitrary and capricious, annulled it, and this time directed respondent to grant petitioner the license sought. Respondent now appeals. We reverse.

A license to sell alcoholic beverages is not a property right, but simply permission granted in the State's discretion after weighing the dangers posed to the community if the license is issued *(see, People ex rel. Lodes v Department of Health,* 189 NY 187, 192). Petitioner carries the burden of presenting a record which discloses no reasonable justification for respon-

dent to have exercised its discretion in the manner it did *(see, Matter of Gambino v State Liq. Auth.,* 4 AD2d 37, 38, *affd* 4 NY2d 997).

Petitioner stresses the remoteness between itself and the premises questionable past, and focuses on the fact that the bulk of the record evidence pertains to gambling occurring in the adjoining motel and elsewhere, rather than the restaurant itself. However, respondent was entitled to consider information, such as an FBI report, describing the restaurant as a gambling "haven" *(see, Matter of Fink v Cole,* 1 NY2d 48, 52-53). The establishment's past history is undeniably relevant in light of evidence indicating that Frank J. Cocca, Sr., convicted of gambling, bookmaking and policy operations, still exerts influence, if not de facto control, over the motel and restaurant. The legitimacy of respondent's concern that the public will not be well served if the license is granted is supported by the unusually favorable lease given petitioner by the legal owners of the restaurant, Cocca's brother and sons. Furthermore, petitioner's principal and sole shareholder revealed a startling lack of knowledge of the premises and contradicted himself in statements made to respondent, lending substance to respondent's anxiety that petitioner's principal is not the sole party interested in this application. This and other evidence before respondent provided an adequate basis for denial of the liquor license.

Judgment reversed, on the law, with costs, determination confirmed and petition dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.