■ In the Matter of CAROL BARBULEAN, Doing Business as BRIDGE CIRCLE DELI, Petitioner, v PETER D. LYNCH, as Director of the New York State Division of Lottery, Respondent. [611 NYS2d 366] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* denied petitioner's application for a transfer of ownership for a lottery license.

The issue here is whether respondent properly exercised his discretion in revoking the lottery license of petitioner's husband and in denying petitioner's application for transfer of the license to her. A lottery agent license was issued to Bridge Circle Deli in the name of petitioner's husband, Matthew Barbulean (hereinafter Barbulean). Barbulean and petitioner were identified as co-owners of the business on the application. On October 22, 1992, Barbulean was convicted of violating Tax Law § 1802 (a), a class E Felony, for his repeated failure to file personal income tax returns for the years 1987 through 1989. The State Division of Lottery (hereinafter Division) was informed thereof by letter dated October 26, 1992 in which it was requested that Barbulean's license be changed to petitioner's name.

The Hearing Officer found that the contract signed by Barbulean with the Division required him to abide by the rules, regulations and policies of the Division. The Hearing Officer recommended that the license be revoked but, finding mitigating circumstances, he ordered a stay for one year on the following conditions: the license should be suspended from November 21, 1992 to the date of the decision and order, Barbulean's name was to be removed from the license, and the change of ownership would be allowed to be processed with the license reinstated as soon as practicable. Respondent revoked the license and denied the change of ownership application, deeming it inappropriate to continue the license in petitioner's name at the same business location because such disposition would allow Barbulean to continue to receive indirect financial benefits from agent status despite his conviction for attempted tax evasion. The mitigating circumstances cited by the Hearing Officer, i.e., a prior good record with the Division, petitioner's protestations of lack of knowledge that Barbulean failed to file income tax returns and Barbulean's intention to totally withdraw from the business, were found to

be insufficient to warrant transferring the agent's license to petitioner.

In this CPLR article 78 proceeding, petitioner urges that her application for agent status was improperly denied based on Barbulean's conviction and was not properly considered under Tax Law § 1605 as a new application based on her own merits as a potential agent. Tax Law § 1605 makes the grant of a license a discretionary act, given to those persons who, in the Division's opinion, will best serve public convenience. We find that respondent was well within his discretionary power not only in revoking Barbulean's lottery license, but also in denying a transfer thereof to petitioner.

Petitioner's attempt to distance herself from the consequences of Barbulean's failure to file tax returns is not successfully achieved. We note that petitioner and Barbulean filed joint tax returns. During the period 1987 through 1989, petitioner and Barbulean were co-owners of the business. It was her obligation as well as Barbulean's to see that tax returns were filed. To no avail is petitioner's contention that as a paper owner of the business she had no such responsibility. Moreover, of significance in the denial of her petition is the fact that a grant of a license to her would inure to Barbulean's benefit as well. We find petitioner's reliance on *Matter of St. Paul's Tavern v State Liq. Auth.* (47 AD2d 672) inapposite in that the familial relationship therein was far more tenuous than in the instant case. As a final matter, we find Barbulean's contention that a revocation of his license was an abuse of discretion to be without merit.

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.