■ In the Matter of JUNK YARD, INC., Appellant, v NEW YORK STATE DIVISION OF ALCOHOLIC BEVERAGE CONTROL, Respondent. [725 NYS2d 248] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the CPLR article 78 petition seeking to annul the determination denying petitioner's application for an on-premises liquor license for premises located at 35 Water Street in the Village of Fredonia. In denying the application, respondent properly considered the number, classes and character of licenses in proximity to the location of the premises and in the par-

ticular municipality (*see,* Alcoholic Beverage Control Law § 64 [6-a] [a]), the effect of granting the license on vehicular traffic and parking in proximity to the location of the premises (*see,* Alcoholic Beverage Control Law § 64 [6-a] [c]), and the history of liquor violations and reported criminal activity at the premises (*see,* Alcoholic Beverage Control Law § 64 [6-a] [e]). Contrary to petitioner's contention, respondent also properly considered the inexperience of the principals of petitioner in operating a business selling alcoholic beverages (*see, Matter of P.G.P. Entertainment Corp. v State Liq. Auth.,* 52 NY2d 886, 888; *Matter of Stanwood Pub v New York State Liq. Auth.,* 82 AD2d 865; *Matter of Soul Scene v State Liq. Auth.,* 35 AD2d 574). Although the principals own their own businesses, neither demonstrated any prior experience in operating or working in a business that serves alcoholic beverages, nor did petitioner assert in support of the application that it intended to hire an experienced manager (*cf., Matter of Toth & Watanabe v New York State Liq. Auth.,* 191 AD2d 218). (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Lawton, JJ.