■ LINDA GURRIERI, Respondent, v 111 LIVINGSTON, LLC, Appellant. [774 NYS2d 418]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated April 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff worked for an agency located on the 20th floor of an office building owned by the defendant. She allegedly was injured during a fire drill while stepping over construction debris, paint cans, sheet rock, and other hazardous materials on a landing in a stairwell. The plaintiff commenced this action seeking to recover damages for her injuries, claiming that the defendant was negligent in its maintenance of the stairwell.

The defendant established its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by demonstrating that the existence of a dangerous condition, if any, in the stairwell, was not a proximate cause of the plaintiff's injuries (*see Sorrentino v Wild*, 224 AD2d 607 [1996]; *Fleischer v Nieberg Midwood Chapel*, 33 AD2d 521 [1969]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.

■ JEANNETTE S. HILF, Plaintiff, v ESTHER GELBELMAN et al., Respondents, JOEL ARBISSER, Appellant, et al., Defendants. [774 NYS2d 418]—In an action to foreclose a mortgage, the defendant Joel Arbisser appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated February 19, 2003, which denied his motion, inter alia, to restore the action to "active status."

Ordered that the order is affirmed, with costs.

As this Court has already determined, the instant action was withdrawn (*see Arbisser v Gelbelman*, 286 AD2d 693, 694 [2001]). Therefore, it may not be restored to "active status" and the motion for that relief was properly denied. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.