■ In the Matter of PIZZAGUY HOLDINGS, LLC, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [833 NYS2d 769]—

Peters, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered September 15, 2006 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a liquor license.

Petitioner's sole principal, Joseph Ruffino, Jr., has been the manager of his father's pizzeria located at 222 Main Street in the City of Oneonta, Otsego County, for approximately 24 years. Ruffino's father also owned a bar in the basement of those premises and had obtained a separate liquor license for each establishment. In 1996, the bar's liquor license was canceled, with a $5,000 civil penalty, for 10 violations of the Alcoholic Beverage Control Law. This cancellation arose from an incident involving Ruffino who, while managing the bar, exposed himself in public, allowed alcohol to be served during prohibited hours to a visibly intoxicated person and, among other things, permitted others to perform acts of sexual conduct in a public area. With Ruffino seeking to now buy the pizzeria from his father, he applied for a transfer of his father's only remaining liquor license.

Respondent denied petitioner's application in February 2006, primarily citing Ruffino's involvement in the 1996 incident. In March 2006, petitioner applied for reconsideration. When no action was taken by July 2006, petitioner commenced the instant proceeding to compel respondent to either issue a license, reconsider its application or have respondent's determination reversed. By the time of the hearing before Supreme Court, respondent declined further consideration. Supreme Court dismissed the petition, prompting this appeal.

Petitioner challenges respondent's determination on numerous grounds, primarily focusing on what it deems a misstatement of the facts because respondent's denial mentions the 1996 incident "at these premises." Petitioner further contends that, upon its application for reconsideration, respondent failed to adequately consider Ruffino's rehabilitative efforts and the fact that he has managed the pizzeria, with its liquor license, for the last 24 years without incident. Upon our review, we find no error.

As a reviewing court, we are required to sustain respondent's determination unless it is arbitrary or capricious, an abuse of discretion or otherwise lacks a rational basis (*see* CPLR 7803 [3]; *Matter of Circus Disco v New York State Liq. Auth.*, 51 NY2d 24, 32 [1980]; *Matter of Sled Hill Café v Hostetter*, 22 NY2d 607, 609 [1968]; *Matter of Forman v New York State Liq. Auth.*, 17 NY2d 224, 229 [1966]; *Matter of RSSM, Inc. v New York State Liq. Auth.*, 204 AD2d 906, 906 [1994]; *Matter of Rios v State Liq. Auth.*, 32 AD2d 995, 996 [1969]). In making its determination, respondent is permitted to consider any relevant information available in its official records (*see Matter of Forman v New York State Liq. Auth., supra* at 229; *Matter of Rios v State Liq.*

*Auth., supra* at 996; *Matter of Hardy v Meyer*, 28 AD2d 587, 588 [1967]). In the case of a new license, respondent's discretion "is broader than in revoking or suspending a license" (*Matter of Sled Hill Café v Hostetter, supra* at 612).

Recognizing that "[a] license to sell alcoholic beverages is not a property right, but simply permission granted in the State's discretion after weighing the dangers posed to the community if the license is issued" (*Matter of Clubhouse, Inc. v New York State Liq. Auth.*, 134 AD2d 694, 694 [1987]), it was petitioner's burden to demonstrate respondent's abuse of its discretion (*see id.* at 694-695). Commencing with the contention that respondent made a fatal factual error, we find the record clear that respondent was aware of the two different licenses issued to Ruffino's father for premises located at 222 Main Street. Its use of the phrase "at these premises" to describe both the bar and pizzeria falls within the definition of a "[b]uilding containing licensed premises" in Alcoholic Beverage Control Law § 3 (7). There, it states that such a building will include not only "the licensed premises [but] also any [other] part of [the] building in which such premises is contained and any part of any other building connected with such building by direct access or by a common entrance" (Alcoholic Beverage Control Law § 3 [7]).

As to the denial of petitioner's application, there is no dispute about Ruffino's involvement in the 1996 incident that led to the cancellation of the bar's liquor license while Ruffino was in a managerial capacity (*see* 9 NYCRR 48.7; *compare Matter of Fedway Imports Co. v New York State Liq. Auth.*, 213 AD2d 836, 837 [1995]). Upon this basis, there is both factual and rational support for respondent's denial of petitioner's application, despite Ruffino's proffer, on reconsideration, of his rehabilitative efforts (*cf. Matter of Circus Disco v New York State Liq. Auth., supra* at 38), the remoteness of the incident (*compare Matter of Clubhouse, Inc. v New York State Liq. Auth., supra* at 695) or community support. Further finding, after a thorough review, no merit to the procedural contentions raised (*see* Alcoholic Beverage Control Law § 17 [1], [9]; 9 NYCRR 52.8 [c]), we affirm.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.