Matter of White Plains Fine Wine & Spirits LLC v New York State Liq. Auth. (2020 NY Slip Op 03585)





Matter of White Plains Fine Wine & Spirits LLC v New York State Liq. Auth.


2020 NY Slip Op 03585


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

530129

[*1]In the Matter of White Plains Fine Wine & Spirits LLC, Appellant,
v
New York State Liquor Authority et al., Respondents.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ.


Harris Beach PLLC, Albany (Victoria A. Graffeo of counsel), and Gibson, Dunn & Crutcher LLP, New York City, for appellant.
Gary Meyerhoff, New York State Liquor Authority, Albany (Mark D. Frering of counsel), for New York State Liquor Authority, respondent.
Mehler & Buscemi Esqs., New York City (Martin P. Mehler of counsel), for Captain's Wine and Liquor Store Corporation and others, respondents.



Clark, J.
Appeal from a judgment of the Supreme Court (Maney, J.), entered September 23, 2019 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent State Liquor Authority denying petitioner's application for a retail liquor store license.
In July 2018, petitioner, through its sole member Robert Trone, filed an application with respondent State Liquor Authority (hereinafter the SLA) for a license to sell, at retail, wine, spirits and cider for off-premises consumption — commonly known as a package store license — at a proposed retail store in Hartsdale, Westchester County. Following a public hearing before the full board of the SLA, at which petitioner's application received significant opposition, the SLA denied the application, finding that petitioner had not demonstrated that public convenience and advantage would be served by the issuance of a license to operate a package store at the proposed location. Petitioner then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to challenge the SLA's determination. After joinder of issue, 58 retail liquor stores near the vicinity of petitioner's proposed store moved to intervene as respondents to oppose the petition/complaint. Supreme Court granted the motion upon petitioner's consent and, several months later, dismissed the petition/complaint. Petitioner appeals, arguing that the SLA's determination was arbitrary, capricious and irrational.
Pursuant to Alcoholic Beverage Control Law § 2, when determining an application for a liquor license, the SLA must consider "whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby." "'Public convenience' necessarily refers to the accessibility of stores and involves considerations of distance, overcrowding of present facilities, etc.," while "'[p]ublic advantage' is a broader term which brings into play social and similar problems, and involves the [s]tate's general policy as to the sale of alcoholic beverages for off-premises consumption" (Matter of Forman v New York State Liq. Auth., 17 NY2d 224, 230 [1966]). The SLA is vested with broad discretion to determine an application for a liquor license (see Matter of Pizzaguy Holdings, LLC v New York State Liq. Auth., 39 AD3d 1072, 1074 [2007]; Matter of Stanwood Pub v New York State Liq. Auth., 82 AD2d 865, 865 [1981]; see generally Alcoholic Beverage Control Law § 17 [1]), and we are "required to sustain [its] determination unless it is arbitrary or capricious, an abuse of discretion or otherwise lacks a rational basis" (Matter of Pizzaguy Holdings, LLC v New York State Liq. Auth., 39 AD3d at 1073; see Matter of BarFreeBedford v New York State Liq. Auth., 130 AD3d 71, 77-78 [2015]). The "[p]etitioner carries the burden of presenting a record which discloses no reasonable justification for [the SLA] to have exercised its discretion in the manner it did" (Matter of Clubhouse, Inc. v New York State Liq. Auth., 134 AD2d 694, 694-695 [1987]; see Matter of Stanwood Pub v New York State Liq. Auth., 82 AD2d at 865).
Upon our review of the record and the SLA's lengthy and well-reasoned written decision, we are satisfied that the SLA's determination was not arbitrary, capricious or irrational. In determining that the issuance of a license to operate a package store at the proposed location would not promote public convenience and advantage, the SLA reasoned that the existing package stores in Westchester County were "sufficiently addressing the needs of consumers in the immediate area," that there was no demonstrated increase in demand for alcoholic beverages in Westchester County and that there was no basis upon which to conclude, as petitioner claimed, that the proposed store would be a regional destination. These conclusions were amply supported by evidence demonstrating that there had been only a 3% increase in population in Westchester County in the preceding eight years, that there were more than 200 existing package stores in Westchester County (40 of which were within five miles of the proposed location and 50 of which were within a 10-minute drive of the proposed location) and that there had been a recent downward trend in the gross annual sales of nearby package stores. The SLA reasonably concluded that, even though petitioner's proposed store may carry a large variety of regional products, the existing package stores in Westchester County, "taken together, [were] offering all the products and services that are sought by consumers in th[e] area."
Additionally, the SLA was unpersuaded by petitioner's claim that the proposed store would be a unique regional destination. In reaching this conclusion, the SLA cited the lack of any major commercial growth in Westchester County and the fact that there were already three stores within 30 to 40 miles of the proposed location that were operated by Trone or his brother using a uniform business model. The SLA noted that two of those stores, located in New Jersey and Connecticut, were in more developed retail shopping areas than the location of the proposed store. As for the third store, the SLA noted that it had recently granted Trone's brother a license to operate a package store in the Village of Westbury, Nassau County, and that it had done so principally because the store's business model would be unique to the area. The SLA emphasized that petitioner was now proposing to operate a store using the same business model as the Westbury store, which was only 40 miles away, and that petitioner's proposed extended trade area would overlap with the Westbury store's trade area. The SLA rationally concluded that, because the area was already being served by the three nearly identical stores, the addition of petitioner's proposed store would not add to public convenience and advantage. In our view, the SLA's reasons for denying petitioner's application were entirely rational and amply supported by the record (see Matter of Hansen v State Liq. Auth., 77 AD2d 703, 704 [1980], affd 53 NY2d 693 [1981]; Matter of Oliver v State Liq. Auth., 34 AD2d 676, 676 [1970]).
Petitioner asserts that the SLA's determination was also based in part upon improper justifications — specifically, the volume of community opposition to petitioner's application and an attempt to protect the private economic interests of existing package store licensees in the area. However, we are not convinced that the alleged improper justifications contributed to or formed a basis for the SLA's denial of petitioner's application. Although the "unprecedented" volume of community opposition was noted during the public hearing and in the SLA's written decision, there is no indication that the SLA considered the opposition for any improper purpose. In fact, the SLA expressly indicated that the opposition letters from public officials all discussed how the existing package store licensees were meeting the demands of consumers in the area — a factor that is relevant to the SLA's inquiry (see Matter of Forman v New York State Liq. Auth., 17 NY2d at 229-230; Matter of Hansen v State Liq. Auth., 77 AD2d at 704). Moreover, the SLA expressly stated in its decision that it does "not consider the impact that the addition of another store will have on the sales of the current licensees." In any event, even if we were to agree that the SLA's determination was in fact partially based upon the improper justifications alleged by petitioner, we would find that any such consideration would not warrant annulment of the SLA's determination, as the SLA invoked numerous other rational and proper justifications for its denial of petitioner's application (see Matter of Circus Disco v New York State Liq. Auth., 51 NY2d 24, 37-38 [1980]; Matter of Galaxy Bar & Grill Corp. v New York State Liq. Auth., 154 AD3d 476, 480 [2017], appeal dismissed 30 NY3d 1046 [2018]; Matter of Zito v State Liq. Auth., 86 AD2d 959, 959-960 [1982]; compare Matter of P.G.P. Entertainment Corp. v State Liq. Auth., 52 NY2d 886, 888 [1981]; Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d 775, 776 [2015]).
We are also unpersuaded by petitioner's assertion that the SLA board members discriminated against Trone on the basis that he resided out of state. Petitioner correctly notes that comments were made at the public hearing regarding Trone's out-of-state residency; however, when read in context, we do not find that the comments were discriminatory in nature. Accordingly, as we find no basis upon which to conclude that the SLA's determination was arbitrary, capricious or irrational, we affirm Supreme Court's judgment dismissing the petition/complaint (see Matter of Pizzaguy Holdings, LLC v New York State Liq. Auth., 39 AD3d at 1074).
To the extent that we have not specifically addressed any of petitioner's contentions, they have been reviewed and found to be without merit.
Lynch, J.P., Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.