■ In the Matter of Peter V. Walter, Appellant, v State University of New York et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 7, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to vacate an order issued by the State Board for Occupational Therapy which denied petitioner's application for a license. The Legislature recently enacted a licensing statute regulating the practice of occupational therapy within the State (L 1975, ch 779, § 2). Section 7907 of the Education Law sets forth the criteria and procedure enabling individuals who had been practicing occupational therapy prior to the effective date of the statute to obtain a license. Petitioner, who maintains that he has been engaged in the practice of occupational therapy, applied pursuant to section 7907 of the Education Law, for a license to practice occupational therapy. His application was rejected and he commenced this article 78 proceeding to vacate the order issued by the State Board for Occupational Therapy denying his application for a license. Special Term dismissed petitioner's application and this appeal ensued. Although petitioner contends that the board's determination rejecting his application for a license was arbitrary, capricious and an abuse of discretion, we need not now decide that issue since we conclude that petitioner is entitled to a hearing on notice before the board can make a final determination. Petitioner has allegedly practiced occupational therapy prior to enactment of this legislation and he wishes to continue to so practice. In view of the fact that a license is necessary for petitioner to continue in his chosen occupation we conclude that he has a property right in this license. "Where the exercise of a statutory power adversely affects property rights—as it does in the present case—the courts have *implied* the requirement of notice and hearing, where the statute was silent" *(Matter of Hecht v Monaghan,* 307 NY 461, 468). Therefore, in our opinion, petitioner is entitled to a due process hearing on his entitlement to a license to practice occupational therapy. Judgment reversed, on the law, and matter remitted to the State Education Department for further proceedings not inconsistent herewith, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.