■ In the Matter of BRYCE FLYNN et al., Constituting the Town Board of the Town of Wawayanda, Petitioners, v ROBERT F. FLACKE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent Commissioner of the Department of Environmental Conservation which granted in part applications by third parties for permits to dispose of digested biological sewage sludge and septic sludge at the Merion Blue Grass Sod Farm located in the Town of Wawayanda. Pursuant to article 27 of the Environmental Conservation Law, the City of Middletown and Merion Blue Grass Sod Farm applied for permits to dispose of sewage and septic sludge at the sod farm, where it was to be used as a fertilizer to aid in the commercial growth of sod. Following a negative declaration, which obviated the need for an environmental impact statement (ECL, art 8), a public evidentiary hearing was held at which

petitioners participated and submitted evidence in opposition to the applications. The hearing officer thereafter submitted a detailed report containing findings of fact, conclusions and recommendations. The hearing officer recommended that the applications be granted in part, subject to numerous stringent conditions concerning testing, storage and application of the sludge. The commissioner's determination adopted the hearing officer's findings of fact, conclusions and recommendations, and this proceeding ensued. In our view, there is substantial evidence in the record to support the determination and it must, therefore, be confirmed. Petitioners' attack on the determination is based largely upon allegations of possible adverse environmental impacts on ground and surface water, soil, air quality and neighboring agriculture. Petitioners also question the ability of the sod farm to manage properly the sludge operation. While there is an evidentiary basis for these concerns, the commissioner concluded, based upon expert testimony presented by the sod farm owner, that the operation was feasible and that petitioners' concerns could be met adequately by imposing certain conditions on the permits. These conditions include a monitoring program to be approved by the Department of Environmental Conservation, a sampling and reporting system for soil and water conditions, specially designed storage facilities, specific application techniques and financial surety to be furnished by the sod farm owner to insure compliance. This court's function in reviewing for substantial evidence is at an end if there exists in the whole record a rational basis for the findings of fact upon which the agency's determination is founded (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 182), and we find such a rational basis here. Since petitioners' arguments involve the weight to be accorded certain evidence and the choice to be made between conflicting evidence, they must be rejected (*id.,* at p 180). We also reject petitioners' claim that the commissioner's determination must be annulled as the result of his visit to Merion Blue Grass Sod Farm, while the permit applications were pending, without giving notice of such visit to petitioners. In an affidavit, the commissioner explained that the visit was not in conjunction with the permit applications in particular, but was for the purpose of gaining general knowledge of the operation of a sod farm and sludge spreading, and the merits of the pending applications were not discussed. At the time of the visit, the function of making a final determination in the matter had been delegated to one of the commissioner's deputies, and the commissioner himself made the determination some 10 months after his visit to the sod farm only as the result of the deputy's unanticipated prolonged absence. Finally, the commissioner stated that his visit had no effect on his determination of the permit applications. Under these circumstances, the commissioner's visit to the sod farm did not violate subdivision 2 of section 307 of the State Administrative Procedure Act. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.