OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUES
Whether, and, if so to what extent a “professional” franchiser entitled to procedural due process under the 1981 Franchise Sales Act (General Business Law, art 33). Does this statutory interpretation of first impression require this neutral court to drive with or reverse the parked franchises of a well-known transmission company?
Lee Myles Associates Corporation (Lee Myles) and Charles George (George), in this CPLR article 78 petition, seek an order vacating the determination dated June 10, 1982 of respondent, Attorney-General of the State of New York (Attorney-General), which refused to register the offering prospectus of Lee Myles, directing respondent to file and register said offering prospectus, and to permit Lee Myles to offer and sell franchises in and from the State of New York following the initial hearing and pending determination of this CPLR article 78 proceeding.
B. FACTUAL HISTORY
Lee Myles, a New York corporation, is a wholly owned subsidiary of Lee Myles Corporation, whose exclusive function is offering and selling Lee Myles Transmission Service *920 Center franchises. There are presently 126 of such franchises nationally. Petitioner George is the president and chief executive officer of Lee Myles and has been majority shareholder of the parent Lee Myles Corporation since 1966.
George and Lee Myles were indicted in 1974 by the Queens County Grand Jury for criminal possession of stolen property; subject indictments received extensive publicity from the news media; petitioners were convicted and George sentenced to three years; subsequently the Appellate Division, Second Department, reversed the convictions and ordered a retrial on July 6, 1976 whereat petitioners were acquitted.
While George’s criminal appeal was pending, he pleaded guilty before Honorable Henry Bramwell on April 26, 1976 to violating section 7206 of title 26 of the United States Code: filing a false and fraudulent personal income tax return for the calendar year 1970 and was sentenced to two years to serve three months on weekends and fined $10,000.
C. PROCEDURAL HISTORY
Lee Myles’ first application to register its franchise was submitted by respondent on May 15, 1981 but voluntarily withdrawn on July 20, 1981 after being informed by respondent that said application would be rejected pursuant to subdivision 7 of section 683 of the General Business Law based upon Charles George’s felony conviction. A second application was submitted on November 16,1981. By letter dated December 18, 1981, respondent detailed deficiencies in said application and informed Lee Myles of an ongoing investigation into George’s conviction pursuant to subdivision 14 of section 683 of the General Business Law.
An investigative hearing was held on January 18, 1982 at which George appeared and testified before respondent. On March 22 and April 16,1982 petitioners were informed the second application would be rejected based upon George’s felony conviction and thereupon petitioners withdrew this second application by letter dated March 24, 1982. A third application filed simultaneously with commencement of subject CPLR article 78 proceeding was rejected by respondent by letter dated June 10, 1982.
*921 D. parties’ contentions
In support, petitioners contend George’s felony conviction does not create an unreasonable risk sufficient to preclude franchise registration; Lee Myles franchises are overwhelmingly supportive of George whose record is otherwise clean; petitioners have fully co-operated with respondent; rejection of petitioners’ applications is part of a systematic practice by respondent to deny all franchise registrations whenever a principal is a convicted felon, thereby ignoring section 683 (subd 7, par [e]) of the General Business Law; rejection of petitioners’ application was arbitrary, capricious, irrational and an abuse of discretion; respondent’s determination is based on speculation and unsupported inferences and disregards the facts; petitioners were not afforded a full and fair adjudicative hearing, only an investigative hearing; said determination is not based upon substantial evidence; denial of the franchise registration application solely on the basis of George’s felony conviction violates article 23-A of the Correction Law and article 15 of the Executive Law.
In support, respondent contends, pursuant to subdivision 7 of section 683 of the General Business Law, it conducted an investigation to determine whether George’s felony conviction constituted on unreasonable risk; petitioners were advised by letter dated December 14, 1981 of their right to present witnesses and documents at an investigative hearing; Charles George’s- testimony was evasive and contradictory in its entirety so George was not a credible witness; George testified he considers himself a fiduciary of funds for the franchisees; petitioners were afforded a full, fair hearing and an opportunity to present further witnesses and documents; no other witnesses or testimony was presented or considered by respondent; petitioners did not produce any other witnesses upon their behalf; George concealed facts and circumstances surrounding his guilty plea to the Federal felony; his conduct is the same as it was 12 years ago when he filed the fraudulent income tax returns; no evidence of rehabilitation was produced or other mitigating factors were shown, pursuant to section 753 of the Correction Law.
*922 E. APPLICABLE LAW
(1) Statutory: Franchise Sales Act — General Business Law, article 33 (§ 680 et seq.; L 1980, ch 730, eff Jan. 1, 1981; as amd by L 1981, ch 869, eff July 31, 1981).
Section 683 of the General Business Law prohibits offering to sell or selling any franchise in this State unless an offering prospectus is registered with the Department of Law containing information set forth in subdivisions 2 through 6. Section 683 (subd 2, par [e], cl [1]) requires disclosure of whether a principal has been convicted of a felony. Subdivision 7 of section 683 of the General Business Law provides, inter alia: “[a] refusal to register an offering prospectus, and notification thereof, shall be forthcoming if the department finds: * * * (e) That a person identified in the application has been convicted of an offense described in subparagraph one of paragraph (e) of subdivision two of this section, is subject to an administrative order * * * and the department determines that the involvement of the person in the sale or management of the franchise creates an unreasonable risk to prospective franchisees.” Section 683 (subd 14, par [c]) of the General Business Law requires the department to investigate if it deems the information submitted unreliable or substantially incomplete.
(2) Case law: The court, when' scrutinizing the procedural due process afforded petitioner, examines procedures regularly employed to determine whether said procedures pose unacceptable risks of arbitrary governmental action. Arbitrary acts may be caused by statutory dictate or the exercise of administrative discretion. (Moore v Ross, 502 F Supp 543.) Satisfying the requirements of procedural due process varies in accordance with the facts and circumstances in a given situation, in order to achieve a fair and just result while accommodating the competing interests of the individual and the State to fair notice and an opportunity for an appropriate hearing. (Cafeteria Workers v McElroy, 367 US 886; Krause v Small Business Admin., 502 F Supp 1332.)
Where the exercise of a statutory power (i.e., granting a franchise registration application) adversely affects property rights, the courts have implied the right to prior notice and a due process hearing, even when no such statutory *923 provision exists. (Matter of Pascual v State Bd. of Law Examiners, 79 AD2d 1054, lv to app den 54 NY2d 601 [denial of admission to New York State Bar without taking Bar examination does not affect a property right thereby entitling applicant to a hearing]; Matter of Hecht v Monaghan, 307 NY 461, 468 [entitlement to hack driver’s license]; Walter v State Univ. of N. Y., 59 AD2d 813 [entitlement to license to practice occupational therapy].)
Furthermore, in an administrative hearing where a property interest is entitled to procedural due process, petitioner has the right to confront and cross-examine witnesses. (Morrissey v Brewer, 408 US 471; Doe v United States Civ. Serv. Comm. 483 F Supp 539.)
The court must uphold an administrative agency’s determination if supported by substantial evidence. (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Society for Ethical Culture in City of N. Y. v Spatt, 68 AD2d 112.) “A finding is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of a fact may be drawn reasonably. A mere scintilla of evidence sufficient to justify a suspicion is not sufficient, to support a finding upon which legal rights and obligations are based. That requires 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ (Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229.) * * * Evidence which is sufficient to require the court to submit a question of fact to a jury is sufficient to support a finding by the administrative board. (Cf. National Labor Relations Board v. Columbian E. & S. Co., 306 U. S. 292.)” (Matter of Stork Rest. v Boland, 282 NY 256, 273-274; May v Shaw, 79 AD2d 970; Matter of Voigt v O’Neill, 79 AD2d 710.)
The role of the court in reviewing the record for substantial evidence ceases if there exists in the whole record a rational basis for the findings of fact upon which the administrative agency’s determination is based. (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Flynn v Flacke, 87 AD2d 930.)
When an administrative agency’s determination is based upon speculative inferences unsupported in the record, its determination is a nullity. (Matter of Sled Hill Cafe v *924 Hostetter, 22 NY2d 607; Matter of Stanwood Pub v New York State Liq. Auth., 82 AD2d 865.)
F. FINDINGS AND CONCLUSION
In light of the foregoing facts and circumstances and the statutory and case law cited, the court finds petitioners were not afforded their procedural due process rights to: an appropriate opportunity to be heard; confront and cross-examine witnesses; subpoena witnesses; be notified of all evidence to be considered by respondent in its determination and made part of the record; establish the basis for respondent’s determination to deny petitioners’ application.
Accordingly, petitioners’ CPLR article 78 petition is granted only to the extent of vacating respondent’s determination, dated June 10,1982, and directing respondent to hold a de novo hearing on petitioners’ franchise application within 45 days after service of a true copy of the order to be settled herein with notice of entry; petitioner’s request for interim relief is denied.