■ In the Matter of STANLEY FRANKEL, Petitioner, v THOMAS C. JORLING, as Commissioner of the Department of Environmental Conservation, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* found petitioner in violation of ECL 25-0401 and 6 NYCRR part 661.

Petitioner, owner of a 125-foot fishing vessel nicknamed *The Tooth Ferry,* moored it in an area in West Neck Creek adjacent to his waterfront property in the Town of Shelter Island, Suffolk County. During an inspection of the area Philip Obernauer, an officer of the Department of Environmental Conservation (hereinafter DEC), observed extensive dredging and filling in apparent violation of DEC's tidal wetlands regulations *(see,* 6 NYCRR 661.5 [b] [27], [30]). Obernauer noticed that the engines and propellers of petitioner's vessel had been run so as to displace or dredge sand from the bottom of the creek enabling petitioner to acquire dockage in front of his residence. Sand displaced in this manner was eventually deposited upon intertidal wetlands below his vessel apparently damaging the wetlands and shellfish in that area.

Thereafter, in 1984, petitioner was prosecuted by both the Town of Shelter Island and DEC for violations of the above regulations concerning tidal wetlands and for dredging with-

---

out a permit. Petitioner pleaded guilty on April 9, 1984 to the town violation of dredging without a permit and was fined $250. He also pleaded guilty to violations of the Tidal Wetlands Act *(see,* ECL art 25) and received a conditional discharge upon the condition that he restore the wetlands to the satisfaction of DEC.

Further visits and observations by DEC personnel made at the site revealed that petitioner did not comply with the conditions imposed and had committed a new violation by dredging. He was prosecuted again. After a hearing and unsuccessful settlement negotiations, respondent found that petitioner had violated provisions of the Tidal Wetlands Act (ECL 25-0401) and 6 NYCRR part 661 (improperly referred to in the order as 6 NYCRR part 665) based on his unlawful dredging and filling activities without a permit and his failure to comply with the restoration plan. Petitioner was also directed to carry out the terms of the restoration plan by July 1, 1987 and assessed a $3,000 civil penalty, $2,000 of which would be suspended upon satisfactory restoration of the tidal wetlands.

In the instant CPLR article 78 proceeding commenced in Supreme Court and transferred to this court, petitioner claims, *inter alia,* that respondent's determination was made in violation of lawful procedure, without substantial evidence and was arbitrary and capricious. Petitioner claims that for various reasons respondent lacks subject matter jurisdiction of petitioner's actions.

Initially, we find no merit to petitioner's assertion that a Federal decision has conclusively established that respondent is without subject matter jurisdiction over petitioner and his vessel. Petitioner brought a parallel lawsuit in United States District Court for the Eastern District of New York to enjoin DEC from requiring him to have a permit to move his vessel. In three orders, the District Court ruled, *inter alia,* that DEC lacked subject matter jurisdiction over the area where his vessel was moored and the water through which it would be moved to dry dock facilities *(Frankel v New York State Dept. of Envtl. Conservation,* US Dist Ct, ED NY, May 26, 1988, Costantino, J.). On appeal by DEC, however, the Court of Appeals for the Second Circuit held that the appeal was moot due to the sinking of *The Tooth Ferry* while it was en route from its Shelter Island mooring to Virginia and, thus, made "no ruling with respect to the conflicting claims of Frankel and the DEC as to DEC jurisdiction over the area where *The Tooth Ferry* was formerly moored" *(Frankel v New York State*

*Dept. of Envtl. Conservation,* US Ct App, 2d Cir, Oct. 20, 1988 [unpublished]). In fact, the Second Circuit remanded the matter to the District Court with directions to vacate the three orders and dismiss the claims *(supra).* Therefore, there has been no conclusive determination in Federal court.

Petitioner also argues that respondent does not have jurisdiction because *The Tooth Ferry* is located in water over six feet deep and the definition of "littoral zone" in 6 NYCRR 661.4 (hh) (4) does not give DEC jurisdiction over littoral zone waters over six feet in depth. However, the surveys that petitioner relies upon here to show that *The Tooth Ferry* was moored in water more than six feet deep in 1984 are based on 1988 measurements. Clearly, these surveys were not in evidence at the 1985 hearing. Also, there is no evidence to establish that the vessel was moored in the same location in 1988 as it was in 1984. Thus, these surveys are not probative on the issue of the water depth at the site where *The Tooth Ferry* was moored in 1984. On the contrary, evidence at the hearing showed that the water depth at the location where petitioner's vessel was moored was less than six feet deep.

Moreover, the definition of "littoral zone" relating to waters six feet or less at the low tide (6 NYCRR 661.4 [hh]) applies only to littoral zone tidal wetlands, one of six types of wetlands *(see,* 6 NYCRR 661.4 [hh] [1]-[6]). The instant violations occurred not only in the littoral zone but also in the intertidal marshes, shoals and flats *(see,* 6 NYCRR 661.4 [hh] [1], [2], [3], [4]). Thus, petitioner's jurisdictional claim is not applicable concerning violations occurring in areas adjacent to the littoral zone. Additionally, ECL 25-0401 (2) provides that "any form of dumping, filling, or depositing" is a regulated activity under the jurisdiction of DEC. It is apparent, therefore, that DEC jurisdiction extends to petitioner's violations occurring both within the littoral zone tidal wetlands and those in the adjacent tidal wetlands area.

We also find no merit to petitioner's contention that the administrative hearing was conducted in violation of lawful procedure because the Administrative Law Judge (hereinafter ALJ) made improper evidentiary and procedural rulings in admitting into evidence certain photographs without proper foundation and in refusing to admit a letter. Strict rules of evidence followed by the courts need not be adhered to in hearings before agencies (State Administrative Procedure Act § 306 [1]; *see,* 6 NYCRR 622.12 [e] [4], [13]). We find nothing improper in the ALJ's rulings on admissibility of the photographs and letter. Moreover, the ALJ did make a proper

inquiry of the authenticity of the photographs and letter and correctly ruled that the letter would be admissible upon proper authentication. Petitioner's assertion that the ALJ considered testimony outside the record concerning elevation of petitioner's house is not supported in the record.

Petitioner's claim that the hearing was conducted in a prejudicial, hostile and biased manner on the part of the ALJ is likewise not supported by the record. Petitioner has failed to demonstrate that any bias or fundamental unfairness occurred in the conduct of the hearing. We therefore conclude that the hearing was conducted in accordance with lawful procedure.

Petitioner's final contention that respondent's determination is not supported by substantial evidence must also be rejected. Review of the whole record reveals a rational basis for the findings upon which the agency determination is founded and, therefore, it is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 182; Matter of Flynn v Flacke, 87 AD2d 930, 931). Obernauer's testimony, buttressed by that of DEC employee Charles Hamilton, established facts which support the conclusions that unauthorized dredging and filling violations took place and that petitioner failed to satisfy the terms of the restoration plan (see, Matter of Haines v Flacke, 104 AD2d 26, 31; Matter of Flynn v Flacke, supra).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.