■ In the Matter of MICHAEL K. MARSH, Appellant, v HENRY M. KRANTZ, as Commanding Officer of the License Division of the New York City Police Department, et al., Respondents. [655 NYS2d 348] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 25, 1995, which, in a proceeding pursuant to CPLR article 78 to annul respondent's denial of petitioner's application for appointment as a Special Patrolman, granted respondent's motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

In denying petitioner's application for appointment as a Special Patrolman, respondents clearly had a statutory basis to consider petitioner's prior arrest (*see*, Administrative Code of City of NY § 14-106; 38 RCNY 13-01 [d], [e]). Thus, as a matter of law, it cannot be said that no valid ground existed for respondents' denial of the license (*see, Matter of Barton Trucking Corp. v O'Connell*, 7 NY2d 299, 308; *Matter of Berger v Leach*, 103 AD2d 1018). Nor, upon the denial of his application, did petitioner have a due process right to an evidentiary hearing (*see, Matter of St.-Oharra v Colucci*, 67 AD2d 1104), or a presently assertable property interest sufficient to warrant such a hearing (*compare, Matter of Walter v State Univ. of N. Y.*, 59 AD2d 813). Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.

---

(March 11, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SUAREZ, Appellant. [655 NYS2d 354] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered June 7, 1994, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant's claim that his waiver of a jury trial was not knowing and voluntary is unpreserved and without merit (*People v Tamarez*, 213 AD2d 261, 262, *lv denied* 85 NY2d 981). The court emphasized to defendant the importance of jury trials and the requirement that any waiver of the right to a jury trial be knowing and voluntary, whereupon defendant clearly indicated that he had discussed this matter with counsel and that he wished to proceed to trial without a jury. Concur— Murphy, P. J., Williams, Tom and Mazzarelli, JJ.